■ PEERLESS INSURANCE COMPANY, Appellant, v. FRANK L. SEARS, JR., Also Known as DONALD P. JONES, et al., Respondents. (And Two Other Actions.) — Order unanimously reversed, without costs, and motion for summary judgment granted declaring that plaintiff is not obligated to defend, and motion for order permitting defendant's attorneys to withdraw granted. Memorandum: In this action for a declaratory judgment that Peerless was not required to defend two actions brought against its assured the ·president of the assured was charged by the insurer with giving fraudulent information to the police, the Motor Vehicle Department and itself. The president of the assured, in an affidavit, admits the false information. The insurer disclaimed two days after receiving this information. The act of the president was the act of the corporation. (*Diamond* v. *Oreamuno,* 29 A D 2d 285, 287, affd. 24 N Y 2d 494; *People* v. *Rochester Ry. & Light Co.,* 195 N. Y. 102, 105.) The failure to make fair and truthful disclosures was a breach of the insurance contract as a matter of law. (*National Grange Mut. Ins. Co.* v. *Austin,* 23 A D 2d 776; *State Farm Mut. Auto. Ins. Co.* v. *Brown,* 21 A D 2d 742.) There was no waiver or estoppel on the part of the insurer as it had no knowledge of the facts until two days before the disclaimer (*S. & E. Motor Hire Corp.* v. *New York Ind. Co.,* 255 N. Y. 69, 72) and its notice to disclaim was timely (*National Grange Mut. Liab. Co.* v. *Fino,* 13 A D 2d 10, 13). (Appeal from order of Cayuga Special Term denying motion for summary judgment and other relief.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.

■ DOROTHY ANDLAUER, Respondent, v. VINCENT F. CALDARELL et al., Appellants.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: If plaintiff were not an invitee but only a licensee, no duty to her was violated in connection with her fall on defendants' premises, since at most under the proof the defendants could properly be charged with only ordinary negligence. The question of whether plaintiff was an invitee or a mere licensee was a proper issue for determination by the jury. Clarification of the issue for the jury required however that the court point out that services of a trivial or casual nature rendered the defendant daughter by the plaintiff mother on her visits to defendant would not be sufficient to establish her status as an invitee. Also the defendants were clearly entitled to the requested charge that " a social guest who performs minor services for his host does not ,thereby become an invitee ". (Cf. *Mannix* v. *Matthews,* 30 A D 2d 895; *Schwartz* v. *Eisen,* 25 A D 2d 555; *Bubacz* v. *Horka,* 11 A D 2d 594.) The court's charge on the issue of plaintiff's status was confused and fragmented and failed completely to relate the relevant legal principles involved to the facts presented. Error was also committed in charging the jury that they might consider on the question of defendants' negligence whether or not the defendant daughter, expecting the plaintiff mother on that day, should have picked her up and brought her to the premises. (Appeal from judgment of Erie Trial Term in negligence action.) Present — Goldman, P. J., Marsh, Gabrielli, Moule and Bastow, JJ.