■ HOPEWELL EXCAVATION, INC., Appellant, v BARRISTER ASSOCIATES II et al., Respondents, et al., Defendants.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered February 7, 1990 in Dutchess County, which, *inter alia,* granted a motion by defendants Barrister Associates II and Rapid Construction, Inc. to dismiss the complaint for failure to prosecute.

This action was commenced on February 19, 1987 and issue was joined in April 1987. On June 8, 1989, Supreme Court caused a notice pursuant to CPLR 3216 (b) (3) to be served upon plaintiff, demanding that a note of issue be filed and providing that, upon default for a period of 90 days, the complaint would be dismissed for unreasonably neglecting to prosecute. Plaintiff's attorneys received the notice on June 10, 1989 and filed a note of issue on September 7, 1989. However, the certificate of readiness accompanying the note of issue failed to indicate that discovery proceedings had been completed *(see,* 22 NYCRR 202.21 [b]) and the note of issue was further accompanied by a letter from plaintiff's attorneys indicating that discovery was not complete. On September 22, 1989, the attorneys for defendants Barrister Associates II and Rapid Construction, Inc. (hereinafter collectively referred to as defendants) corresponded with the assigned Justice, requesting that the court dismiss the action on its own initiative as provided in the 90-day notice. Supreme Court responded that defendants should themselves make a motion for that relief. The motion to dismiss for want of prosecution that ensued was granted by Supreme Court upon the ground that plaintiff did not timely file an adequate certificate of readiness and did not offer any excuse for its failure to do so. Plaintiff appeals.

We affirm. CPLR 3216 (b) (3) specifically provides for service of a 90-day notice by the court, and CPLR 3216 (a) permits the court to dismiss the complaint on its own initiative in the event of a party's unreasonable failure to serve and file a note of issue. Thus, we reject the contention that Supreme Court was not entitled to determine a motion seeking the same relief, merely because of its involvement in the service of the notice. Further, defendants were not obligated to move to vacate the defective note of issue. Rather, the burden was on plaintiff to either file an adequate certificate of readiness or to apply during the 90-day period for relief from the demand *(see, Wilmet v New Holland Div. of Sperry Rand Corp.,* 145 AD2d 765, 766, *lv denied* 73 NY2d 709) and, failing in that, it was incumbent upon plaintiff to demonstrate, *inter alia,* a justifiable excuse for its failure *(see, supra; Mason v Simmons,* 139 AD2d 880, 881). Because plaintiff's certificate of readiness was clearly deficient and plaintiff demonstrated no excuse whatever for its failure to file an adequate certificate within the requisite period, the motion was properly granted.

Order affirmed, with costs. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.