■ BETH A. STRAUSS, Respondent, v BOBB C. VLADECK et al., Appellants, et al., Defendants.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Kelly, J.), entered March 21, 1990 in Rockland County, which denied the motions of various defendants to dismiss the complaint for, *inter alia,* failure to prosecute.

This case involves a medical malpractice action which was commenced against defendants in February 1987. Issue was joined by service of the various answers in April and May of that year. As a result of a pretrial conference in August 1987, Supreme Court directed plaintiff to comply with a discovery schedule established by the court. Thereafter, in February 1988, Supreme Court again ordered plaintiff to comply with a further discovery schedule established at that time. The court also directed plaintiff to file a note of issue and certificate of readiness on or before November 15, 1988. By application of plaintiff, that deadline was extended and plaintiff finally filed a note of issue and certificate of readiness on October 30, 1989. Defendant Good Samaritan Hospital moved to strike the note of issue. While that motion was pending, defendants Bobb C. Vladeck, Sheldon B. Adler, Mandell I. Ganchrow and Ramapo Valley Surgical Associates, P.C. served a 90-day demand requiring plaintiff to serve and file a note of issue (CPLR 3216 [b] [3]). Thereafter, Good Samaritan's motion to strike plaintiff's note of issue was granted. All of the defendants except Good Samaritan then moved to dismiss plaintiff's complaint for failure to comply with the 90-day demand and for failure to comply with Supreme Court's discovery orders. The motions were denied and this appeal ensued.*

We have recently held that a defendant is not obligated to move to vacate a defective note of issue. Rather, the burden is on the plaintiff to either file an adequate certificate of readiness or apply for relief from a 90-day demand *(Hopewell Excavation v Barrister Assocs. II,* 170 AD2d 887). However, in *Hopewell Excavation v Barrister Assocs. II (supra),* the defective note of issue was filed in response to the 90-day demand. In the case at bar, plaintiff filed the note of issue prior to the service of the 90-day demand. Under the circumstances in this case, it was incumbent upon defendants to move to vacate the

---

* Despite having unsuccessfully moved for dismissal of the complaint, it does not appear that defendant Harvey R. Horn appealed from Supreme Court's order. The remaining defendants who have appealed will hereinafter collectively be referred to as defendants.

note of issue and their 90-day demand must be considered a nullity. In any event, the various motions to dismiss were served and made returnable before the expiration of the 90-day period had expired and were therefore premature. Under the circumstances, Supreme Court was well within its authority to deny the motions.

With regard to Supreme Court's denial of defendants' motions to dismiss pursuant to CPLR 3126, it is well settled that the court has broad discretion to determine motions under that section and that the dismissal sanction is considered a harsh remedy *(Zletz v Wetanson,* 67 NY2d 711). While there is no doubt that dismissal of a complaint is a justifiable sanction where failure to comply with a discovery order is willful or contumacious *(Baumann v Dee,* 100 AD2d 504), Supreme Court made no such finding here. Indeed, it appears from the opposing affidavit that the failure to comply was due, in part, to plaintiff's hospitalization. Under the circumstances, it cannot be said that Supreme Court abused its discretion.

Order affirmed, with costs. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.