nor excessive. (Appeal from Judgment of Monroe County Court, Connell, J.—Manslaughter, 1st Degree.) Present—Callahan, J. P., Boomer, Pine, Fallon and Doerr, JJ.

■ DARNUS L. NEMBHARDT, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Monroe County, Rosenbloom, J.—Breach of Contract.) Present—Callahan, J. P., Boomer, Pine, Fallon and Doerr, JJ.

■ DARNUS L. NEMBHARDT, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. (Appeal No. 2.)—Amended judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Rosenbloom, J. (Appeal from Amended Judgment of Supreme Court, Monroe County, Rosenbloom, J.—Insurance Recovery.) Present—Callahan, J. P., Boomer, Pine, Fallon and Doerr, JJ.

■ SHELLY A. CAVALLARO et al., Appellants, v ALLAN BAKER, Respondent.—Order reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant's motion for summary judgment. The opposing affidavits of plaintiff, her treating physician and medical expert were sufficient to raise a triable issue of fact whether plaintiff suffered a serious injury within the meaning of the No-Fault Law (see, Lopez v Senatore, 65 NY2d 1017, 1020; Spezia v De Marco, 173 AD2d 462, 463; Rotondi v Horning, 168 AD2d 944). The conflicting opinions of the medical experts raise issues of credibility which are for the jury to determine (see, Weider v Senebouthyrath, 182 AD2d 1124; Francis v Basic Metal, 144 AD2d 634, 635).

All concur, except Boomer, J., who dissents and votes to affirm in the following Memorandum.

Boomer, J. (dissenting). I respectfully dissent. Contrary to the determination of the majority, the affidavits of plaintiff's treating physician and of her medical expert did not raise an issue of fact whether plaintiff suffered a serious injury. The medical opinions relied upon by plaintiff were based upon plaintiff's subjective complaints and are not sufficient to prove a serious injury within the meaning of Insurance Law § 5102 (see, Licari v Elliott, 57 NY2d 230; Passalacqua v Tomko, 134 AD2d 961; Costa v Billingsley, 127 AD2d 990). (Appeal from Order of Supreme Court, Herkimer County, Tenney, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Pine, Fallon and Doerr, JJ.