■ MICHAEL SHAPIRO et al., Appellants, v JOSEPH ROSE et al., Respondents. (And a Third-Party Action.) (Action No. 1.) MICHAEL SHAPIRO et al., Appellants, v ROSE TEXTILES INDUSTRIES, S.A., Defendant. (Action No. 2.) [600 NYS2d 819] —Weiss, P. J. Appeal from an order of the Supreme Court (Connor, J.), entered April 29, 1992 in Columbia County, which, *inter alia,* granted defendants' motion to restore the actions to the court calendar.

These actions arose out of a contract for the sale of the assets of a clothing manufacturing business by defendant Joseph Rose and plaintiff Hudson Knitting Mills Corporation to plaintiff Michael Shapiro. In action No. 1, plaintiffs allege, *inter alia,* breach of contract and fraudulent inducement by defendants, and action No. 2 alleges violation of the contract by improper competition. The issues presented on this appeal focus upon an order that vacated a default taken against defendants for failure to appear at a pretrial conference, allowed defendants additional time to comply with discovery demands, restored the actions to the trial calendar, and ordered a traverse hearing on the validity of the service of process in action No. 2 on defendant Rose Textiles Industries, S.A. (hereinafter Rose Textiles). More specifically, plaintiffs contend that defendants' failure in action No. 1 to either timely respond to discovery demands or offer reasonable explanation for such failure equated to willful and contumacious behavior requiring imposition of sanctions. Plaintiffs further allege that the failure of Supreme Court to have examined the reasons for defendants' failure to respond to plaintiffs' discovery demands was error requiring reversal. We disagree with these arguments.

It is well settled that Supreme Court has broad discretion to determine motions made pursuant to CPLR 3126 and that the harsh remedy of an order striking a party's answer is justifiable only where the failure to comply with a discovery order is deliberate or contumacious *(see, Forman v Jamesway Corp.,* 175 AD2d 514, 515; *Strauss v Vladeck,* 173 AD2d 1063, 1064). Plaintiffs have not sustained their burden of coming forward

with a clear showing of willfulness or bad faith (see, Sunshine v Danbury, 181 AD2d 961, 963; Rosner v Blue Channel Corp., 131 AD2d 654), at which point it would have then been incumbent upon defendants to offer a reasonable excuse for their failure to have produced the documents demanded of them (see, Scharlack v Richmond Mem. Hosp., 127 AD2d 580, 581). Supreme Court made no such finding here and, under such circumstances, we decline to hold that its discretion has been abused.

We further find that plaintiffs' submissions to prove service of process in action No. 2 upon Rose as an officer of Rose Textiles, a foreign corporation, were sufficient to support the granting of a default judgment against that corporation (see, CPLR 3215 [f]). In the absence of both an appearance on behalf of the corporation or credible opposition to the application for entry of a default judgment, it was error to order a traverse hearing.

Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as ordered a traverse hearing on the question of the validity of service of process upon defendant Rose Textiles Industries, S.A.; motion by plaintiffs for entry of a default judgment against said corporation in action No. 2 granted; and, as so modified, affirmed.