(December 15, 1994)

■ ATLANTIC MUTUAL INSURANCE COMPANY, Appellant, v CATHERINE T. A. STRUVE et al., Respondents. [621 NYS2d 5] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered on or about March 9, 1994, which, *inter alia,* denied plaintiff's motion for summary judgment declaring in its favor and granted the request of the defendant Struve (defendant) for the reimbursement of $18,028.37 in legal expenses, treated as a cross-motion, to the extent of directing a reference to hear and report on the amount of legal expenses due her, unanimously reversed, on the law, with costs and disbursements, plaintiff's motion granted to the extent of directing defendant to accept plaintiff's assignment of counsel to defend the underlying action within 60 days of entry of this Court's order and defendant's request for legal expenses denied.

Defendant is being sued in the underlying action for defamation as to which, pursuant to its obligation under a comprehensive personal liability policy issued to her, plaintiff insurer

afforded her a defense provided by a law firm it chose. After the commencement of discovery, defendant, according to plaintiff, "wrongfully terminated" the law firm's services because of its "abusive and personally injurious actions". Plaintiff permitted defendant to pick another attorney, for whose services it agreed to pay. Several months later, however, this attorney petitioned the court to be relieved, citing defendant's lack of cooperation and dissatisfaction with counsel's representation. Defendant argued that the attorney was "ignorant of the case" and unprepared to represent her. In any event, the attorney was relieved, the IAS Court noting, "Defendant states on the record that she will not seek counsel and intends henceforth to represent herself." Almost one year later, plaintiff commenced this action for a judicial declaration that it is not obligated to defend or indemnify, arguing that defendant materially breached the insurance contract by failing to cooperate with appointed counsel and to select, at plaintiff's expense, new counsel. In her answer, defendant counterclaimed for a declaration that plaintiff breached the insurance contract by its failure to provide her with adequate legal representation and by its concealment of the fact that it also insured the plaintiffs in the underlying defamation action for any liability sustained as a result of her counterclaims in that action. Defendant argued that because of this conflict of interest she had no alternative but to refuse representation by counsel of plaintiff's choice. In further opposition to plaintiff's motion, one of the plaintiffs in the underlying action submitted an affidavit, self-serving and worthless as a matter of law, attesting to the vigor of defendant's *pro se* defense of that action, arguing that plaintiff could not show any prejudice to its interests. In its reply, plaintiff denied any conflict of interest in the underlying action inasmuch as it had, in fact, disclaimed coverage to the plaintiffs therein and never offered to or indeed never defended them against the counterclaims. (Although the plaintiffs in the underlying action subsequently prevailed in their declaratory action challenging that disclaimer, there is still no conflict of interest as claimed, inasmuch as "[t]he retention of separate, independent counsel fulfill[s the insurer's] initial obligation to its mutually antagonistic insureds." *[Goldberg v American Home Assur. Co.,* 80 AD2d 409, 412.])

The IAS Court denied the motion, finding that, absent proof of a course of willful and avowed obstructionism, defendant's conduct was insufficient to demonstrate a lack of cooperation. The court erred in its analysis of an insured's obligations with

respect to cooperation under a liability policy. In holding that defendant has the right under the policy to represent herself in the underlying action, it, in effect, re-wrote the insurance contract.

Before an insurer may disclaim for an insured's lack of cooperation, it must show that it acted diligently in seeking to bring about that cooperation, that its efforts were reasonably calculated to obtain the insured's cooperation and that the insured's attitude, after his cooperation was sought, was one of " 'willful and avowed obstruction' ". *(Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 168, quoting *Coleman v New Amsterdam Cas. Co.,* 247 NY 271, 276; *American Sur. Co. v Diamond,* 1 NY2d 594; *Pawtucket Mut. Ins. Co. v Soler,* 184 AD2d 498, 499.) Although the burden of proving an insured's lack of cooperation is a heavy one *(Thrasher v United States Liab. Ins. Co., supra,* at 168), plaintiff's diligence and the reasonableness of its efforts in seeking defendant's cooperation are amply demonstrated by this record. Defendant's obstinate refusal to accept legal representation at plaintiff's expense and insistence on representing herself graphically demonstrate her willful obstructionism. The policy could not be clearer in this regard: "Our defense will be at our own expense, by a lawyer we choose"; "You and anyone else who is making a claim must help us investigate, defend and settle it." Given the clear language of the policy, defendant, the insured, cannot dictate the choice of counsel to plaintiff, her liability insurer.

Moreover, plaintiff, whose financial interests are at risk in the underlying action, does not have to place the defense of that action in the hands of a non-lawyer insured, who, whatever her fervor in the defense of that action, more than likely does not have the requisite ability to defend the action properly or share the insurer's financial interest in the outcome thereof. Nor, in answer to the argument advanced by one of the plaintiffs in the underlying defamation action in support of defendant's position herein, is an insurer required to show prejudice as a result of the insured's lack of cooperation. *(Coleman v New Amsterdam Cas. Co.,* 247 NY, *supra,* at 276-277.) Accordingly, we declare in plaintiff's favor to the extent indicated.

Defendant's request for $18,028.37 in legal expenses, as to which the IAS Court directed a reference to hear and report, is denied. The policy provides for the reimbursement of reasonable expenses incurred only while the insured is "helping" the insurer. There is no showing that any claimed expense

was so incurred. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.