■ KENNETH T. WILLIAMS, Respondent, v KEN HARRINGTON et al., Appellants. (Action No. 1.) KENNETH T. WILLIAMS, Respondent, v ECHO SPRINGS WATER COMPANY, INC., et al., Appellants. (Action No. 2.) [628 NYS2d 842] —Peters, J. Appeal, in action No. 1, from an order of the Supreme Court (Mugglin, J.),

entered April 1, 1994 in Otsego County, which, *inter alia*, denied defendants' motion for summary judgment dismissing the complaint.

Appeal, in action No. 2, from an order of the Supreme Court (Mugglin, J.), entered September 29, 1994 in Otsego County, which, *inter alia*, partially denied defendants' motions to dismiss the complaint.

These actions concern an oral joint venture agreement under which plaintiff and defendants Ken Harrington, Martha Harrington and Franklin Grey were to construct a water bottling plant on the Harringtons' farm. Plaintiff was to build the plant, Grey was to raise capital and the Harringtons were going to sell the farm to plaintiff and Grey while retaining a share of the profits. Although construction began in the spring of 1990, disagreements between plaintiff and Grey resulted in plaintiff filing a mechanic's lien on the farm. In September 1990, an action was commenced by Grey which resulted in plaintiff filing an amended answer through a second attorney with a counterclaim for specific performance and damages. Grey thereafter served an amended complaint which repudiated the joint venture agreement. The Harringtons subsequently deeded the property to defendant Echo Springs Water Company, Inc. (hereinafter Echo Springs).

Plaintiff thereafter filed a lis pendens on the farm and commenced an action against Grey and the Harringtons in January 1991. In February 1991, the Harringtons and Grey answered and filed a demand for a bill of particulars. In December 1991, when plaintiff had not responded to their request, the Harringtons and Grey moved to cancel the notice of pendency, dismiss plaintiff's claims and consolidate the actions. Although plaintiff's counsel opposed consolidation and cross-moved for other relief, Supreme Court denied all motions except for consolidation (hereinafter action No. 1).

Plaintiff's deposition began in October 1992. In November 1992, the Harringtons and Grey again requested a response to their request for a bill of particulars which had been served over $1^{1}/_{2}$ years earlier. They then served a supplemental notice for discovery and inspection based upon documents identified by plaintiff which were admittedly in his possession. Although such documents were not forthcoming, plaintiff's attorney requested and received a copy of plaintiff's partial deposition transcript. In December 1992, counsel again requested plaintiff to respond to outstanding discovery demands and, this time, a response was promised by January 18, 1993. When no discovery was provided, further correspondence was sent to

plaintiff's counsel. By October 1993, plaintiff had retained his third attorney and filed a formal notice of substitution in November 1993.

By notice of motion dated December 8, 1993, plaintiff moved to extend the notice of pendency which was due to expire. The Harringtons and Grey cross-moved to cancel the notice of pendency, dismiss plaintiff's claims for failure to disclose, and preclude plaintiff from offering evidence at trial of items that were not disclosed. By order and decision dated December 22, 1993, Supreme Court granted an extension of the notice of pendency and ordered conditional preclusion if plaintiff did not respond with a bill of particulars within 45 days. In such decision, the court expressly noted that "[p]laintiff's counsel also expresses a willingness to diligently pursue pre-trial discovery and cure the defects and omissions of his predecessor." Therein the court further considered that there had been no prior order for disclosure and no showing of willfulness.

More correspondence thereafter took place, during which plaintiff's new counsel requested another copy of plaintiff's partial deposition transcript. After the court-imposed deadline passed and plaintiff had neither served the bill of particulars nor requested an extension of time, correspondence continued with plaintiff's counsel. At no time had such counsel indicated that particular documents were needed in order to comply with the outstanding discovery. In March 1994, the Harringtons and Grey again moved for a cancellation of the notice of pendency and for summary judgment relying on the preclusion of evidence. Plaintiff cross-moved for an order nunc pro tunc extending the time to file a bill of particulars.

Contending that it was first the need for plaintiff's partial deposition transcript in order to appropriately respond to the outstanding discovery and, after that was provided, the exhibits referred to therein, counsel essentially apologized to Supreme Court for not seeking an extension of the deadline. The court again granted plaintiff's cross motion and extended the time to file the bill of particulars, this time imposing a $1,000 sanction on counsel. The Harringtons and Grey appeal.

Prior to Supreme Court's decision, plaintiff filed another lis pendens against the farm and commenced an action against Echo Springs, its corporate successors in interest (hereinafter collectively referred to as the corporate defendants) and defendant Richard Schuttenhelm, seeking the same damages as in the prior action (hereinafter action No. 2). Therein, plaintiff claimed that the corporate defendants and Schuttenhelm interfered with his joint venture agreement, were unjustly

enriched, and that Echo Springs was the alter ego and agent of the Harringtons and Grey. The corporate defendants and Schuttenhelm moved to dismiss the complaint for, *inter alia*, the failure to state a cause of action. Plaintiff cross-moved to amend the complaint and sought a default judgment. Supreme Court partially denied the motions to dismiss the complaint, granted plaintiff's motion to amend the complaint and denied plaintiff's motion for a default judgment. The corporate defendants and Schuttenhelm appeal that order.*

Addressing first Supreme Court's grant of plaintiff's cross motion for an order nunc pro tunc extending the time to file the bill of particulars, we note that Supreme Court based its determination solely on current counsel's delay during the 45 days following the expiration of the conditional preclusion order and ignored the prior delay occasioned since the service of the request for the bill of particulars in February 1991. While the Court of Appeals astutely recognized that had the Legislature wanted to abolish bills of particular it would have (*see*, *Northway Eng'g v Felix Indus.*, 77 NY2d 332, 336), we note that this was the third attempt by the Harringtons and Grey for relief. Recognizing that considerable discretion is accorded to the trial court to entertain current counsel's claim of law office failure (*see*, *Fiore v Galang*, 105 AD2d 970, *affd* 64 NY2d 999; *County of Nassau v Cedric Constr. Corp.*, 100 AD2d 890), we find it clear that plaintiff has wholly ignored the requests for the bill of particulars demonstrating a "calculated indifference to the CPLR" (*Northway Eng'g v Felix Indus.*, *supra*, at 339 [Kaye, J., dissenting]).

Based upon counsel's prior expression to the court of his "willingness to diligently pursue pre-trial discovery and cure the defects and omissions of his predecessor", and the court's further notation that at the time of the issuance of the conditional order of preclusion there had been no prior order for disclosure, it is evident that current counsel has adopted the course of its predecessors. We find no proper excuse offered for the application of the doctrine of law office failure (*see*, *Donovan v Getty Petroleum Corp.*, 174 AD2d 706; *White v Leonard*, 140 AD2d 518, *appeal dismissed* 73 NY2d 756; *Fiore v Galang*, *supra*; *cf.*, *Shrader v Monforte*, 212 AD2d 874; *Sabatello v Frescatore*, 200 AD2d 939; *Strauss v Vladeck*, 173 AD2d 1063) and, unlike *Knapek v MV Southwest Cape* (110 AD2d 928), counsel did not even attempt to draft the bill of particulars within the court's prior extension of time. Moreover, the rec-

---

* On November 7, 1994, we granted all defendants permission to have these appeals heard together and perfected upon a joint record and brief.

ord clearly reflects the transparency of counsel's excuse since it appears to have risen from whole cloth when the court-imposed deadline had passed. Accordingly, we find that Supreme Court improperly exercised its discretion in extending the time to file the bill of particulars and that, had it properly denied the request, the motion for summary judgment by the Harringtons and Grey would have been granted.

As to the notice of pendency, we note that CPLR 6514 (b) allows a court to cancel a notice of pendency if plaintiff fails to "commence[ ] or prosecute[ ] the action in good faith". In light of plaintiff's unjustified refusal to submit the bill of particulars, as well as the dilatory tactics evidenced in the record, we find that there has been a failure to prosecute this action in good faith. In so noting, we acknowledge that the right to file a notice of pendency is an "extraordinary privilege" which should not be abused (*see, Da Silva v Musso,* 76 NY2d 436; *5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313).

As to Supreme Court's decision regarding the motions to dismiss and amend the complaint in action No. 2, we must assume, as did Supreme Court, every allegation to be true to determine whether a cause of action is stated (*see, 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506). In so doing, we find that Supreme Court properly determined that the unjust enrichment claim, the breach of contract claim and the claims that Schuttenhelm breached duties to plaintiff were legally sufficient (*see, supra).* We further find that Supreme Court properly allowed plaintiff to amend the complaint in action No. 2 since there was no indication in the record that such would cause prejudice to his adversaries (*see,* CPLR 3025). In so holding, however, we make no assessment as to the ultimate viability of the claims.

As to plaintiff's fourth cause of action claiming that Echo Springs is the alter ego of the Harringtons and Grey and therefore seeking damages for breach of contract, we note that this allegation mirrors those asserted against the Harringtons and Grey in action No. 1. Assuming plaintiff's assertions to be true, as we must (*see, 219 Broadway Corp. v Alexander's, Inc., supra*), we find this cause of action duplicative and therefore dismiss the cause of action against Echo Springs.

Accordingly, we reverse the order in action No. 1 by denying plaintiff's cross motion seeking an extension to file a bill of particulars and by granting the Harringtons' and Grey's motion in its entirety; we modify the order in action No. 2 by dismissing the fourth cause of action against Echo Springs.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur.

Ordered that the order entered April 1, 1994 is reversed, on the law, without costs, cross motion denied, motion granted, summary judgment awarded to defendants and complaint dismissed. Ordered that the order entered September 29, 1994 is modified, on the law, without costs, by reversing so much thereof as denied the motion regarding the fourth cause of action in the complaint; motion granted to that extent and said cause of action dismissed against defendant Echo Springs Water Company, Inc.; and, as so modified, affirmed.