■ IRENE A. D'ONOFRIO, Appellant, v JAMES T. BOEHLERT, Appellant, and SPALDING & EVENFLO COS., INC., Doing Business as SPALDING SPORTS WORLDWIDE, Respondent, et al., Defendant. (Appeal No. 1.) [635 NYS2d 384] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of defendant Spalding & Evenflo Cos., Inc., doing business as Spalding Sports Worldwide (Spalding) for summary judgment dismissing the complaint against it because it did not manufacture, sell or distribute the bicycle plaintiff was riding when she was injured. A trademark licensor cannot be held liable for injuries caused by a defective product bearing its label where the licensor did not design, manufacture, sell, distribute or market the allegedly defective item *(see, Porter v LSB Indus.,* 192 AD2d 205, 211; *Kane v Cohen Distribs.,* 172 AD2d 720; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292, *lv dismissed and denied* 73 NY2d 783). The fact that Spalding, under the licensing agreement with defendant Sears Roebuck & Co. (Sears), had the right to approve or disapprove items and materials bearing its name and the marketing plan for those items is insufficient, without evidence of actual control, for imposition of liability *(see, Porter v LSB Indus., supra; Kane v Cohen Distribs., supra; Balsam v Delma Eng'g Corp., supra).*

motions denied and complaint reinstated. Same Memorandum as in *D'Onofrio v Boehlert* (221 AD2d 929 [decided herewith]). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.