■ IRENE A. D'ONOFRIO, Appellant, v JAMES T. BOEHLERT, Appellant, and SPALDING & EVENFLO COS., INC., Doing Business as SPALDING SPORTS WORLDWIDE, Respondent, et al., Defendant. (Appeal No. 1.) [635 NYS2d 384] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of defendant Spalding & Evenflo Cos., Inc., doing business as Spalding Sports Worldwide (Spalding) for summary judgment dismissing the complaint against it because it did not manufacture, sell or distribute the bicycle plaintiff was riding when she was injured. A trademark licensor cannot be held liable for injuries caused by a defective product bearing its label where the licensor did not design, manufacture, sell, distribute or market the allegedly defective item *(see, Porter v LSB Indus.*, 192 AD2d 205, 211; *Kane v Cohen Distribs.*, 172 AD2d 720; *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, *lv dismissed and denied* 73 NY2d 783). The fact that Spalding, under the licensing agreement with defendant Sears Roebuck & Co. (Sears), had the right to approve or disapprove items and materials bearing its name and the marketing plan for those items is insufficient, without evidence of actual control, for imposition of liability *(see, Porter v LSB Indus., supra; Kane v Cohen Distribs., supra; Balsam v Delma Eng'g Corp., supra).*

The court erred, however, in granting the motions of defendant James T. Boehlert (Boehlert) and Sears for summary judgment dismissing the complaint against them. Plaintiff raised an issue of fact in response to those motions with regard to the liability of Sears, which sold the bicycle, and Boehlert, who assembled it. Plaintiff asserted that the accident occurred when her use of the rear brakes failed to slow the bicycle, and her use of the front brakes caused her to be thrown over the handlebars. Plaintiff's expert stated that the brakes on the bicycle were improperly assembled, causing them to malfunction. The expert stated that the improper assembly of the bicycle was caused by the unclear, confusing and inadequate assembly instructions provided to Boehlert by Sears. The conflicting opinions of Sears' and plaintiff's experts present questions of credibility for a jury *(see, Cavallaro v Baker,* 187 AD2d 976). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.