NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, v ROBERT H. GRAHAM et al., Respondents. [713 NYS2d 602] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and judgment granted in accordance with the following Memorandum: Supreme Court erred in denying the motion of plaintiff, Nationwide Mutual Insurance Company (Nationwide), for summary judgment declaring that Nationwide has no obligation to defend or indemnify its insured, defendant Robert H. Graham, for any claims made against him by defendant Kathy Davis, who was injured on November 12, 1997, when she slipped and fell in the bed of Graham's pickup truck. The record establishes that, when Davis and Graham initially reported the incident to Nationwide, they told the insurer that Davis fell while the pickup truck was parked and not moving, and that Graham was not present when Davis fell. Over a year later, however, after Davis notified Nationwide that she intended to make a liability claim against its insured, Graham told Nationwide that he was operating the truck when Davis fell. Davis also admitted that she did not tell the "whole story" when she originally reported the incident to Nationwide because she was concerned that Graham's insurance rates would increase.

We conclude that Nationwide satisfied its heavy burden of showing lack of cooperation of its insured (*see, Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168-169; *Utica Mut. Ins. Co. v Gruzlewski* [appeal No. 2], 217 AD2d 903; *Employers-Commercial Union Ins. Cos. v Buonomo*, 41 AD2d 285, 287). Graham's failure to make fair and truthful disclosures in reporting the incident constitutes a breach of the cooperation clause of the insurance policy as a matter of law (*see, Peerless Ins. Co. v Sears*, 34 AD2d 725, *affd* 29 NY2d 717; *Fidelity & Cas. Co. v Holdeman*, 23 AD2d 878, 879, *affd* 18 NY2d 997; *Lewis v Nationwide Mut. Ins. Co.*, 202 AD2d 816, 817-818). Nationwide was not required to show prejudice as a result of Graham's lack of cooperation to establish its entitlement to summary judgment (*see, Utica Mut. Ins. Co. v Gruzlewski* [appeal No. 2], *supra*, at 904; *Atlantic Mut. Ins. Co. v Struve*, 210 AD2d 112, 114, *lv denied* 85 NY2d 803), although prejudice is apparent on this record. Finally, the record establishes that Nationwide promptly disclaimed coverage within two weeks after Graham admitted that he had misrepresented the facts in his original report of the incident, and we conclude that Nationwide's disclaimer was timely as a matter of law (*see, Silk v City of New York*, 203 AD2d 103, *lv denied* 84 NY2d 810). Therefore, we reverse the order insofar as appealed from, grant Nationwide's motion, and grant judgment in favor of Nationwide declaring that it has no obligation to defend or indemnify its insured, Robert H. Graham, for any claims made against him by Kathy Davis arising out of the incident that occurred on November 12, 1997. (Appeal from Order of Supreme Court, Onondaga County, Tormey, III, J.—Declaratory Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.