OPINION OF THE COURT
Joseph G. Makowski, J.
A vehicle owned by defendant Guiher and insured by defendant Allstate Insurance Company (hereinafter Allstate) was involved in an accident with a vehicle owned by defendants Oneida and Nelson Rodriguez. Guiher filed a police report claiming that his vehicle had been stolen at the time of the accident, and filed a report with his insurance carrier (Allstate) *868 also asserting that the vehicle had been stolen at the time of the accident. Allstate suspected a misrepresentation by Guiher during their investigation of said accident. Guiher subsequently pleaded guilty to a criminal charge for filing a false police report. Allstate disclaimed coverage within 30 days of the guilty plea based upon fraud and lack of cooperation in the investigation of the accident. Allstate seeks summary judgment discharging it from any obligation under the policy due to Guiher’s admission of a substantial misrepresentation to the company.
Clearly, Allstate could utilize Guiher’s admission of guilt in the criminal proceeding as a basis to disclaim coverage sought by Guiher for himself under this policy (see discussion of collateral estoppel effect of prior criminal proceeding in 1 Weinstein-Korn-Miller, NY Civ Prac 215.17). Even where there was no criminal admission, a clearly established substantial misrepresentation has been found to be a sufficient basis for declination of coverage to the insured (Nationwide Mut. Ins. Co. v Graham, 275 AD2d 1012).
However, while Guiher may not directly benefit from his wrongdoing, a unique issue is raised in that it is asserted that innocent third parties seeking a recovery under the policy are shielded from the effects of Guiher’s wrongful conduct. Page 29 of the policy contains the following language under the section dealing with fraud: “However, we will provide coverage to such insured for damages sustained by any person who has not made fraudulent statements or engaged in fraudulent conduct if such damages result from an accident which is otherwise covered under this policy’ (emphasis supplied).
The extent to which our courts have been willing to find coverage to protect an innocent party can be seen in Lane v Security Mut. Ins. Co. (96 NY2d 1) where the Court of Appeals recently found coverage under a fire policy, even though the insured’s 17-year-old son had intentionally set the fire. In the view of this Court, the only reasonable interpretation of the policy language at issue is that a coverage “carve out” is provided which protects innocent third parties from the consequences of an insured’s fraudulent acts. In our case, Oneida and Nelson Rodriguez are without question innocent third parties who seek recovery under this policy for damages which they allegedly sustained in this accident.
Accordingly, for the reasons above stated, the motion of Allstate for summary judgment is denied.