■ Patricia Simmons et al., Respondents, v State Farm Mutual Automobile Insurance Company, Appellant. [790 NYS2d 901]—

Appeal from an order and judgment (one paper) of the Supreme Court, Ontario County (Craig J. Doran, A.J.), dated April 23, 2004. The order and judgment, insofar as appealed from, denied that part of defendant's motion for summary judgment dismissing the first cause of action.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action after defendant refused to continue providing no-fault insurance benefits to Patricia Simmons (plaintiff). Defendant moved for summary judgment dismissing the complaint, and Supreme Court granted defendant's motion only in part, denying the motion with respect to the first cause of action but otherwise dismissing the complaint. We affirm.

Contrary to the contention of defendant, it failed to meet its "heavy burden of showing lack of cooperation of its insured" as a matter of law (*Nationwide Mut. Ins. Co. v Graham*, 275 AD2d 1012, 1013 [2000]; *see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168-169 [1967]). Furthermore, defendant submitted conflicting medical opinions concerning the degree of plaintiff's disability from work, thereby raising an issue of credibility for the trier of fact to resolve and rendering summary judgment inappropriate (*see e.g. Gedon v Bry-Lin Hosps.*, 286 AD2d 892, 894 [2001], *lv denied* 98 NY2d 601 [2002]; *Cavallaro v Baker*, 187 AD2d 976 [1992]). By failing to establish that plaintiff was able to return to work, defendant failed to establish that plaintiff's alleged refusal to participate in vocational rehabilitation constituted " 'willful and avowed obstruction' " (*Thrasher*, 19 NY2d at 168; *see Matter of New York Cent. Mut. Fire Ins. Co. [Salomon]*, 11 AD3d 315, 316 [2004]). Present—Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.