KENNETH T. WILLIAMS, Appellant, v JAN S. KUBLICK et al., Respondents, et al., Defendant. [837 NYS2d 803]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered July 13, 2006 in a legal malpractice action. The order granted the motion of defendants Jan S. Kublick and Davoli, McMahon and Kublick, P.C. for summary judgment dismissing the complaint against them and denied plaintiff's cross motion for partial summary judgment against those defendants.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion and reinstating the complaint against defendants Jan S. Kublick and Davoli, McMahon and Kublick, P.C. and as modified the order is affirmed without costs.

Memorandum: Plaintiff appeals from an order that, inter alia, granted the motion of Jan S. Kublick and Davoli, McMahon and Kublick, P.C. (collectively, defendants) seeking summary judgment dismissing the complaint for legal malpractice against them. Defendants represented plaintiff in various lawsuits with respect to a joint venture between plaintiff and another individual for the construction of a water bottling plant. Two of the underlying lawsuits were dismissed based on the negligence of the defendants herein (*Williams v Kublick*, 302 AD2d 961, 962 [2003]; *Williams v Harrington*, 216 AD2d 761, 764-765 [1995], *lv dismissed in part and denied in part* 87 NY2d 967 [1996]), and there presently are no underlying lawsuits pending. We previously affirmed an order denying a motion by defendants seeking summary judgment dismissing the complaint against them (*Williams v Kublick*, 30 AD3d 1032 [2006]), and defendants again moved for summary judgment dismissing the complaint against them. In support of the instant motion, defendants submitted the affidavit of an expert who determined that the assets of the joint venture had no value and that plaintiff therefore would have been unable to recover any damages even if he had prevailed in the underlying lawsuits.

We conclude that Supreme Court erred in granting defendants' motion, and we therefore modify the order accordingly. In granting the motion, the court determined, inter alia, that defendants established as a matter of law that plaintiff is unable to prove that defendants' negligence is a proximate cause of plaintiff's damages (*see Robbins v Harris Beach & Wilcox*, 291 AD2d 797, 798 [2002]). That was error. In support of its determination, the court concluded, inter alia, that plaintiff is unable to prove that the negligence of defendants is a proximate cause of his damages because the statute of frauds is a complete defense to the underlying lawsuits. We conclude, however, that plaintiff's part performance of the oral joint venture agreement is " 'unequivocally referable' " to that oral agreement (*Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]), and the enforcement of that agreement in the underlying lawsuits therefore would not have been precluded by the statute of frauds (*see Carey & Assoc. v Ernst*, 22 AD3d 338, 341-342 [2005]).

The record also does not support the court's determination that plaintiff voluntarily discontinued a lawsuit against his

partner in the joint venture and thus that defendants' negligence is not a proximate cause of plaintiff's damages. Rather, as noted, the two lawsuits commenced by plaintiff were dismissed as a result of defendants' negligence (*Williams*, 302 AD2d 961 [2003]; *Williams*, 216 AD2d at 764-765), and the record establishes that the defendants in those two lawsuits thereafter discontinued their counterclaims against plaintiff. In addition, the record establishes that plaintiff's partner in the joint venture discontinued his action for an accounting against plaintiff.

The court further erred in granting defendants' motion on the ground that the property on which the bottling plant was constructed had not been purchased by the joint venture and the experts of both parties erroneously considered the value of that property. A necessary element of a cause of action for legal malpractice is the collectibility of the damages in the underlying action (*see McKenna v Forsyth & Forsyth*, 280 AD2d 79, 82-83 [2001], *lv denied* 96 NY2d 720 [2001]; *cf. Lindenman v Kreitzer*, 7 AD3d 30, 35 [2004]). Here, regardless of whether the value of the property was improperly considered by the experts, we conclude that the otherwise conflicting opinions of the experts concerning the value of the assets of the joint venture precluded the court from determining as a matter of law that defendants established that plaintiff is unable to prove that he could collect damages in the underlying lawsuits (*see generally Simmons v State Farm Mut. Auto. Ins. Co.*, 16 AD3d 1117 [2005]; *Herzog v Schroeder*, 9 AD3d 669, 670 [2004]). Present—Scudder, P.J., Gorski, Martoche, Smith and Green, JJ.