FOURTH DEPARTMENT, JULY, 2007

(July 6, 2007)

■ KENNETH T. WILLIAMS, Appellant, v JAN S. KUBLICK et al., Respondents, et al., Defendant. [839 NYS2d 647]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered December 9, 2005 in a legal malpractice action. The order granted the motion of defendants Jan S. Kublick and Davoli, McMahon and Kublick, P.C. for an order deeming the facts in their notice to admit as having been admitted by plaintiff and denied plaintiff's cross motion for an order permitting plaintiff to respond to the notice to admit.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the cross motion is granted and plaintiff's statement sworn to November 3, 2005 is deemed timely served nunc pro tunc.

Memorandum: In this legal malpractice action, Jan S. Kublick and Davoli, McMahon and Kublick, P.C. (collectively, defendants) served a notice to admit facts concerning the underlying lawsuits (see CPLR 3123). We previously affirmed an order denying the motion of defendants for summary judgment dismissing the complaint against them (Williams v Kublick, 30 AD3d 1032 [2006]), and we thereafter determined that Supreme Court erred in granting defendants' subsequent motion seeking that same relief (Williams v Kublick, 41 AD3d 1193 [2007]).

The court erred in granting the motion of defendants seeking an order deeming the facts in their notice to admit as having been admitted by plaintiff and in denying plaintiff's cross motion seeking an order permitting plaintiff to respond to the notice to admit "as though [the response was] timely interposed." Although plaintiff failed to comply with CPLR 3123 (a) by responding to the notice in a sworn statement in which he either denied the facts therein or explained why the facts could not be truthfully admitted or denied, it is undisputed that counsel for the parties corresponded with respect to the notice to admit. Defendants' counsel and plaintiff's counsel exchanged correspondence with respect to plaintiff's position that the facts

sought to be admitted involved mixed questions of law and fact and therefore required resolution at trial (*see generally DeSilva v Rosenberg*, 236 AD2d 508 [1997]). Defendants thus were aware of the basis for plaintiff's failure to respond to the notice to admit. We note in addition that there was extensive discovery with respect to the issues in the underlying lawsuits. We therefore conclude that the court abused its discretion in denying plaintiff's cross motion (*see generally Kowalski v Knox*, 293 AD2d 892, 893 [2002]). Present—Scudder, P.J., Martoche, Centra, Fahey and Pine, JJ.