In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v ANTHONY GARDANER, Respondent, et al., Respondent. TRAVELERS INSURANCE COMPANY, Proposed Additional Respondent. [859 NYS2d 741]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Kurtz, J.H.O.), dated March 27, 2007, which, after a framed-issue hearing, denied that branch of the petition which was to permanently stay arbitration and, in effect, directed the parties to proceed to arbitration.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court correctly determined that Travelers Insurance Company (hereinafter Travelers) was justified in disclaiming insurance coverage for its insured because of his failure to cooperate in the defense of an action against him. Under the circumstances of this case, where there was no cooperation by the insured, the insured could not be located after a diligent search, and there had been misrepresentations made by the insured when applying for insurance, there was a breach of the cooperation clause (*see Nationwide Mut. Ins. Co. v Graham*, 275 AD2d 1012, 1013 [2000]; *Peerless Ins. Co. v Sears*, 34 AD2d 725 [1970], *affd* 29 NY2d 717 [1971]; *Fidelity & Cas. Co. of N.Y. v Holdeman*, 23 AD2d 878, 879 [1965], *affd* 18 NY2d 997 [1966]). Additionally, inasmuch as the driver of the insured's vehicle supplied the police with a nonexistent address, Travelers' failure to serve a separate disclaimer on the driver did not render the original disclaimer ineffective (*see Matter of Allstate Ins. Co. v Rico*, 28 AD3d 353, 354 [2006]). Miller, J.P., Dillon, Balkin and Chambers, JJ., concur.