Appeal from an order of the Supreme Court, Niagara County (John L. Michalski, J.), entered August 22, 2007 in a declaratory judgment action. The order denied plaintiffs motion for summary judgment.
*1144 It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted in part, and judgment is granted in favor of plaintiff as follows: “It is ADJUDGED AND DECLARED that plaintiff has no duty to defend or indemnify defendant Robert J. Posa in the underlying action.”
Memorandum: Defendant Kathleen A. Baughman commenced the underlying action against defendant Robert J. Posa seeking damages for injuries that she allegedly sustained on April 24, 2005 when the vehicle driven by her collided with a pickup truck owned and driven by Posa. It is undisputed that Posa left the scene of the accident without providing any identifying information to Baughman or the police, and that he submitted an insurance claim to plaintiff stating that he damaged his pickup truck by driving into it with his garden tractor. Posa’s former girlfriend thereafter informed the police that Posa had been involved in the accident with Baughman’s vehicle, whereupon Posa pleaded guilty to leaving the scene of an accident. When informed of Posa’s admission, plaintiff disclaimed coverage based, inter alia, on the failure of Posa to cooperate with plaintiff and his fraudulent misrepresentations to plaintiff concerning the accident. Plaintiff then commenced this action seeking, inter alia, a declaration that it has no duty to defend or indemnify Posa in the underlying action.
We agree with plaintiff that Supreme Court erred in denying that part of its motion for summary judgment seeking a declaration that it has no duty to defend or indemnify Posa in the underlying action. Plaintiff met its burden of establishing Posa’s lack of cooperation and misrepresentations, and defendants failed to raise a triable issue of fact (see Nationwide Mut. Ins. Co. v Graham, 275 AD2d 1012, 1013 [2000]; see generally Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 168-169 [1967]). Posa’s “failure to make fair and truthful disclosures in reporting the [accident] constitutes a breach of the cooperation clause [and the fraud and misrepresentation clause] of the insurance policy as a matter of law” (Nationwide Mut. Ins. Co., 275 AD2d at 1013). Present—Hurlbutt, J.P., Smith, Centra, Green and Fine, JJ.