Danielle W. v Jentsch & Co., Inc. (2023 NY Slip Op 03570)

Danielle W. v Jentsch & Co., Inc.

2023 NY Slip Op 03570

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, BANNISTER, MONTOUR, AND OGDEN, JJ.

104 CA 22-00442

[*1]DANIELLE W., AS PARENT AND NATURAL GUARDIAN OF DOMINIC M., PLAINTIFF-APPELLANT,
v
JENTSCH & CO., INC., DEFENDANT, AND 290 SOUTH PARK LLC, DEFENDANT-RESPONDENT. 290 SOUTH PARK LLC, THIRD-PARTY PLAINTIFF, 
 JIM'S ELECTRIC & GENERAL CONTRACTING, INC., AND KIMIL CONSTRUCTION, INC., THIRD-PARTY DEFENDANTS-RESPONDENTS. 

THE TARANTINO LAW FIRM, LLP, BUFFALO (JACOB A. PIORKOWSKI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
MCGIVNEY KLUGER CLARK & INTOCCIA, P.C., SYRACUSE (ROBERT J. CONNOR, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT AND THIRD-PARTY PLAINTIFF. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT JIM'S ELECTRIC & GENERAL CONTRACTING, INC. 
HURWITZ FINE, P.C., BUFFALO (DAVID R. ADAMS OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT KIMIL CONSTRUCTION, INC. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Daniel Furlong, J.), entered March 10, 2022. The order and judgment granted the motion of defendant-third-party plaintiff for summary judgment dismissing the complaint and all cross-claims against it, and granted the motions of third-party defendants for, inter alia, summary judgment dismissing the third-party complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries her son sustained when he fell on a sidewalk adjacent to property owned by defendant Jentsch & Co., Inc., and leased to defendant 290 South Park LLC (South Park). At the time of the accident, South Park was in the process of buying the subject property and renovating it. South Park retained third-party defendant Jim's Electric & General Contracting, Inc. (JEG) as the general contractor on the renovation project, and JEG in turn hired third-party defendant Kimil Construction, Inc. (Kimil) as a plumbing subcontractor. As part of the renovation, Kimil excavated one section of sidewalk in preparation for the tie-in of a new water line to the main lines of the City of Buffalo. At the time of the excavation, however, no permits had been obtained to allow for that tie-in. Thus, Kimil had that section of sidewalk backfilled with "crusher run," a fine granular substance that adheres to create a stable, level surface to permit safe pedestrian traffic. Several months later, the accident occurred. Following the commencement of the first-party action, South Park commenced a third-party action against JEG [*2]and Kimil.
During discovery proceedings, Kimil served upon plaintiff a notice to admit with photos that plaintiff took depicting the area of the alleged fall, including a photo on which the son circled the area of his fall (circled area) (see CPLR 3123 [a]). Plaintiff neither objected to that notice nor responded to it. The circled area is not the excavated area of the sidewalk. It is a separate and distinct area of the sidewalk, apart from the area where JEG and Kimil performed any work.
Following discovery, South Park moved for summary judgment seeking dismissal of plaintiff's complaint and all cross-claims against it. Although South Park asserted that there was, in general, no dangerous condition on the sidewalk adjacent to the subject property, its motion primarily addressed plaintiff's allegations to the effect that the excavated area of the sidewalk was the area at issue in the action. Kimil thereafter moved for summary judgment seeking, inter alia, dismissal of the third-party complaint and all cross-claims against it. Kimil asserted that, inasmuch as plaintiff failed to respond to the notice to admit, plaintiff was limited to allegations about any potential dangerous condition in the circled area. Inasmuch as Kimil did no construction work in that particular area of the sidewalk, it contended, inter alia, that it had no liability in the third-party action. JEG also moved for, inter alia, summary judgment dismissing the third-party complaint against it, raising similar contentions.
Plaintiff opposed all of the motions in one response, contending that the excavated area of the sidewalk was a dangerous condition and that the first-party and third-party defendants created the condition and had actual or constructive notice of it. Supreme Court granted the motions of South Park, Kimil and JEG, except to the extent that it "denied as moot" that part of JEG's motion seeking common-law or contractual indemnification from Kimil. We now affirm.
Initially, we note that, in her main brief on appeal, plaintiff does not address the effect of her failure to respond to the notice to admit and instead focuses only on the contention that her son fell in the excavated area of the sidewalk and that the excavated portion of the sidewalk constituted a dangerous condition. However, unlike admissions made during depositions, which are not formal judicial admissions and are not deemed to be conclusive in an action (see Groeger v Col-Les Orthopedic Assoc., 136 AD2d 952, 952 [4th Dept 1988]), an admission obtained through a notice to admit is deemed a formal judicial admission and is conclusive for that action (see CPLR 3123 [a]; Carothers v United Tech., 177 AD2d 995, 995 [4th Dept 1991]; Groeger, 136 AD2d at 952; see also Jerome Prince, Richardson on Evidence § 8-215 [Farrell 11th ed 1995]; see generally People v Brown, 98 NY2d 226, 232 n 2 [2002]).
Inasmuch as plaintiff did not object to the notice to admit, move to amend the admission or move to withdraw that admission (see CPLR 3123 [b]), or otherwise provide any explanation for why she failed to respond to the notice to admit (cf. Williams v Kublick, 42 AD3d 872, 872-873 [4th Dept 2007]), we conclude that her admission is " 'conclusive of the facts admitted in the action' " (Cornell v County of Monroe, 158 AD3d 1151, 1153 [4th Dept 2018]; cf. Riner v Texaco, Inc., 222 AD2d 571, 571-572 [2d Dept 1995]; see generally Kimso Apts., LLC v Gandhi, 24 NY3d 403, 412 [2014]). Because plaintiff failed to address in her main brief the effect of her judicial admission or the existence of any alleged dangerous condition in the circled area, we conclude that she abandoned any contention that the court erred in granting South Park's motion insofar as it sought summary judgment dismissing plaintiff's complaint against it based on the lack of a dangerous condition in the circled area (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]) and, in light of that judicial admission, we further conclude that her contentions regarding the existence of a dangerous condition in the excavated area lack merit. Although plaintiff addressed her judicial admission for the first time in her reply brief, her contentions raised for the first time in her reply brief are not properly before us (see Brooks v City of Buffalo, 209 AD3d 1270, 1272 [4th Dept 2022]; Murnane Bldg. Contrs., LLC v Cameron Hill Constr., LLC, 159 AD3d 1602, 1605 [4th Dept 2018]).
To the extent that plaintiff further contends that the court erred in granting the motions of Kimil and JEG insofar as they sought summary judgment dismissing the third-party complaint against them, plaintiff's contention is not properly before us inasmuch as she is not aggrieved by those parts of the order and judgment (see CPLR 5511; Levine v City of New York, 101 AD3d 419, 420 [1st Dept 2012]; Bartek v Murphy, 266 AD2d 865, 866 [4th Dept 1999], lv denied 95 [*3]NY2d 756 [2000]). Assuming, arguendo, that plaintiff could have sued JEG and Kimil directly, we note that she did not do so (see Chaitovitz v Lewis, 222 AD2d 392, 393 [2d Dept 1995]; see also Sartori v Gregoire, 259 AD2d 1004, 1004 [4th Dept 1999]).
We have reviewed plaintiff's remaining contentions and conclude that they lack merit.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court