■ JUNE M. SHAUGHNESSY, Respondent, v WILLIAM H. BARON et al., Appellants.—In an action to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated May 12, 1987, as (1) granted the plaintiff's motion for summary judgment "on the issue of negligence solely", and (2) granted her application to strike

the first affirmative defense asserted in the defendant's answer alleging failure to join a necessary party.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On January 5, 1978, the plaintiff, June Marie Shaughnessy, and her then husband, Martin Shaughnessy, entered into a lease with Angelo J. Calamusa for the rental of commercial property to operate a grocery and delicatessen. Paragraph 38th of the lease required that "[a]ny notice by either party to the other shall be deemed duly given only if in writing, and if delivered personally or posted by registered or certified mail, return receipt requested. Said notice shall be delivered at or posted to the last known address of the other party." Paragraph 40th of this lease provided that the tenant may only assign the lease if (1) the prior written consent of the landlord was obtained, (2) the assignment was accompanied by a written agreement executed by the assignee wherein the assignee was to assume all the duties and obligations of the tenant, (3) the agreement was deposited with the landlord within five days of the assignment, (4) the tenant executed a written undertaking that the assignment would not operate to relieve the assignor from the obligations of the tenant, and (5) an additional security of $200 was deposited with the landlord.

It is undisputed that notwithstanding these provisions, the defendant as counsel to the Shaughnessys wrote only one letter to the landlord which was sent by regular mail and which failed to contain any written assignment. As the direct result of the defendant's failure to comply with the terms of the lease, the Shaughnessys and the prospective purchaser of their business were ousted from the premises. Martin Shaughnessy and June Marie Shaughnessy were subsequently separated and then divorced. In their separation agreement, Martin Shaughnessy's interest in the delicatessen was transferred to June Marie and she instituted the instant action alleging legal malpractice.

Because the lease in this case clearly and unambiguously sets forth both notice and assignment provisions, which admittedly were not followed by the defendant, and because the defendant failed to comply with any of these lease provisions, we find that the defendant was negligent as a matter of law with respect to the attempted assignment of the lease.

We further reject the defendant's contention that the plaintiff's former husband should have been joined as a party to this action. Once the former husband transferred his entire interest in the delicatessen business to the plaintiff through

the separation agreement, he relinquished all claims which he could have asserted against the defendant. Thus, the plaintiff's former husband is not a necessary party to the legal malpractice action *(see,* CPLR 1001). We note that to be joined as a party to an action one must have standing and a right to relief. The plaintiff's former husband has no such right and merely because he has information regarding some of the transactions underlying the prior action such knowledge does not constitute grounds for joining him as a party. Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.