■ RICHARD LOGALBO et al., Appellants, v PLISHKIN, RUBANO & BAUM et al., Defendants and Third-Party Plaintiffs-Respondents. MURRAY SEEMAN, Third-Party Defendant-Respondent.— In an action to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated January 31, 1989, as denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages.

This legal malpractice action arises from the defendants' representation of the plaintiffs in connection with their contract to purchase a newly constructed house from Maxton Builders, Inc. A rider to the real estate contract, included at the plaintiffs' request, gave them an option to cancel the contract by written notice within a specified time. The plaintiffs decided to exercise this option and so advised their attorneys, the defendants. By telephone, the defendants gave the seller's attorney oral notice of cancellation within the requisite period stated in the contract for exercising the option to cancel. The defendants also sent a certified letter to the seller's attorney, informing him in writing of the plaintiffs' decision to cancel. However, the letter was not received by the seller's attorney until after the expiration of the time prescribed in the contract for terminating the agreement. The plaintiffs also stopped payment on their down payment check.

Thereafter, the seller commenced a breach of contract action to recover the amount of the down payment *(see, Maxton Bldrs. v Lo Galbo,* 68 NY2d 373). In that action, the Court of Appeals affirmed an order of this court, granting the seller summary judgment for the full amount of the down payment. The decision, in pertinent part, reads: "On this appeal the [buyers] again urge that their refusal to perform did not constitute a breach because they had reserved and adequately exercised a right to terminate. Although the [seller] did not receive written notice of termination within three days, as the contract required, the [buyers] contend that this is not fatal when, as here, the contract does not provide that time is of the essence. The [buyers] argue that under these circumstances all that is required is reasonable notice and that this requirement was met here when the [buyers] mailed the notice and gave the [seller's] attorney actual oral notice within the three-day period. It is settled, however, that when a contract requires that written notice be given within a specified time, the notice is ineffective unless the writing is actually received within the time prescribed *(see, Peabody v Satterlee,* 166 NY 174; *Kantrowitz v Dairymen's League Co-op. Assn.,* 272 App Div 470, *affd* 297 NY 991; *cf., Sy Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449). In short, the [buyers] bargained for and obtained a limited right to cancel which they failed to exercise within the time agreed upon. The cancellation was, therefore, ineffective and the [buyers'] refusal to perform constituted a breach *(Morgan & Brother Manhattan Stor. Co. v Balin,* 39 NY2d 848)" *(Maxton Bldrs. v Lo Galbo,* 68 NY2d 373, 377-378, *supra).*

Subsequently, the plaintiffs instituted the instant action against the defendants to recover damages for legal malpractice. The defendants answered the complaint and commenced a third-party action against the seller's attorney. The plaintiffs then moved for partial summary judgment, contending that the defendants' failure to properly cancel the contract, as a matter of law, constituted legal malpractice. The defendants opposed the motion, arguing that they reasonably relied upon a representation by the seller's attorney that personal delivery of the written notice was unnecessary and that he considered the contract canceled. Upon a review of this record, we find that the Supreme Court erred in denying the plaintiffs' motion for partial summary judgment.

In order to prevail in this legal malpractice action, the plaintiffs must establish that the defendants failed to exercise that degree of care, skill and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by the plaintiffs, and that but for the defendants' negligence, the plaintiffs would have been successful in the underlying action (see, Saveca v Reilly, 111 AD2d 493, 494; Parksville Mobile Modular v Fabricant, 73 AD2d 595, 599; see generally, 76 NY Jur 2d, Malpractice, § 35).

In the underlying breach of contract action (see, Maxton Bldrs. v Lo Galbo, 68 NY2d 373, supra), the Court of Appeals, applying well-established, legal precedents, held that the buyers' cancellation of the contract was ineffective due to their failure to give written notice within the time prescribed by the contract and that their refusal to perform constituted a breach of the real estate contract, without legal excuse, barring recovery of their down payment. It is undisputed that the plaintiffs had informed their attorney of their decision to cancel the contract two days prior to the expiration of the prescribed time for exercising their option to cancel. It is also conceded that the plaintiffs' attorney failed to give written notice within the requisite time period. Thus, it is established that the defendants' failure to give proper notice of cancellation was the proximate cause of the plaintiffs' loss of the down payment and had it not been for the defendants' failure to give proper notice, the plaintiffs would have prevailed in the underlying action. The dispositive issue on appeal is whether the defendants' conduct, in failing to give written notice within the requisite time period, fell below the ordinary and reasonable skill and knowledge possessed by other members in his community (see, Drab v Baum, 114 AD2d 992; Grago v

*Robertson,* 49 AD2d 645). While the issue of whether certain conduct constitutes legal malpractice normally requires a factual determination to be made by a jury *(see, Saveca v Reilly,* 111 AD2d 493, *supra),* a plaintiff will be entitled to summary judgment in a case where there is no conflict at all in the evidence, the defendant's conduct fell below any permissible standard of due care, and the plaintiff's conduct was not really involved *(see, Andre v Pomeroy,* 35 NY2d 361, 365; *see also,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.03; *see, e.g., Yiouti Rest. v Sotiriou,* 151 AD2d 744).

Faced with the explicit terms of the cancellation provision and paragraph 26 of the contract, which provided that the agreement could not be modified or terminated orally *(see,* General Obligations Law § 15-301), the defendants' reliance upon the alleged oral assurance by the seller's attorney that oral notice sufficed to effectively cancel the contract fell below any permissible standards of due care. The state of the law on the exercise of an option to cancel a real estate contract requiring that written notice be given within a specified time is clearly defined and firmly imbedded in our jurisprudence so as to be beyond doubt or debate. To disregard the long-standing rule that written notice of cancellation must be received within the time prescribed *(see, Maxton Bldrs. v Lo Galbo, supra,* at 378), constitutes, as a matter of law (1) negligence, if, knowing the rule, the attorney disregards it, or (2) want of skill, if the attorney was ignorant of the rule *(see, Gimbel v Waldman,* 193 Misc 758, 761; *cf., Rapuzzi v Stetson,* 160 App Div 150; *Byrnes v Palmer,* 18 App Div 1, 4, *affd* 160 NY 699). Accordingly, the plaintiffs' motion for partial summary judgment should have been granted *(see, Shaughnessy v Baron,* 151 AD2d 561; *Yiouti Rest. v Sotiriou,* 151 AD2d 744, *supra).* Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.