■ BROOK PLAZA OPHTHALMOLOGY ASSOCIATES, P. C., Appellant, v FINK, WEINBERGER, FREDMAN, BERMAN & LOWELL, P. C., et al., Respondents.—Order, Supreme Court, New York County (Charles Ramos, J.), entered July 12, 1990, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff, a medical corporation, hired the defendants, pursuant to a written retainer agreement, to assist it in filing an application with the New York State Department of Health ("DOH") to construct and operate a free-standing ambulatory surgical center ("ASC"). While the agreement provided that the application was to be filed on or before April 15, 1985, it also provided if plaintiff failed to provide defendants "with such financial, architectural or other relevant information as [defendant] may require, then the anticipated filing date shall be extended".

As a result of recent changes in the law, defendants suggested that plaintiff's application would fare better if it were to seek approval for a multi-specialty facility. Plaintiff agreed, and as a result the application was delayed. Additional delays resulted from DOH's establishment of a new set of forms which related to the new regulations pertaining to ASC's.

On January 28, 1986, after plaintiff approved all the various agreements prepared for the application, the application was filed. Due to some minor problems, the application was stayed for fifteen (15) days so that the problems could be cured.

However, plaintiff discharged defendants on March 4, 1986 and began this lawsuit for legal malpractice and breach of contract. Defendants moved for summary judgment. The IAS court determined that there were no triable issues of fact requiring a trial and granted the motion.

The record demonstrates that defendants were not negligent in their representation of plaintiff, nor did they breach the retainer agreement. Defendants' conduct clearly did not fall " 'below the ordinary and reasonable skill and knowledge commonly possessed by a member of his profession' ". *(Beer v Florsheim,* 96 AD2d 485, 486.) While other options may have been available to defendants, their choice of one of several reasonable alternatives certainly does not amount to malpractice. *(Rosner v Paley,* 65 NY2d 736, 738.)

As to the breach of contract claim, there were no express promises in the retainer agreement which defendants breached. *(See, Pacesetter Communications Corp. v Solin & Breindel,* 150 AD2d 232, 236, *lv dismissed* 74 NY2d 892.) Indeed, the very reasons for the delay in filing the application were specifically addressed in the retainer agreement. Finally, the written retainer agreement is unambiguous. Plaintiff cannot defeat the summary judgment motion with conclusory assertions that the written agreement does not properly express the oral agreement reached during negotiations. *(See, Chimart Assocs. v Paul,* 66 NY2d 570, 571.) Concur—Milonas, J. P., Rosenberger, Smith and Rubin, JJ.