■ RICHMOND HILL HALL CORP., Respondent, v JOHN AIELLO, Appellant. [599 NYS2d 857] —In an action to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Corrado, J.), dated December 15, 1990, as, after a nonjury trial, found that he had committed legal malpractice.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that the defendant committed legal malpractice. The defendant knew that pursuant to section 5822.12 of the Rules and Regulations of the New York State Racing and Wagering Board (9 NYCRR 5822.12), the plaintiff's tenant's right to renew its agreement for rental or use of the plaintiff's licensed premises for the conduct of bingo could not be denied unless good and sufficient cause was shown by the plaintiff upon application to the municipal licensing authority. However, the defendant failed to make such an application (see, 9 NYCRR 5822.12; *Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511; *Shaughnessy v Baron,* 151 AD2d 561; *Yiouti Rest. v Sotiriou,* 151 AD2d 744). The defendant claims that it was not necessary for him to have made an application to deny the tenant's right to renew its agreement for rental of the plaintiff's premises for the conduct of bingo on Saturday afternoons. The defendant contends that just prior to the expiration of the tenant's lease he obtained an amended rent schedule from the New York State Racing and Wagering Board (hereinafter the Board) which effectively terminated the conduct of bingo on the plaintiff's premises for Saturday afternoons. As the Board noted in its decision confirming the finding that the plaintiff had violated 9 NYCRR 5822.12, although the plaintiff may unilaterally add to or delete bingo occasions from its maximum rent schedule, all such modifications are subject to the provisions of 9 NYCRR 5822.12. However, under the circumstances of this case, we cannot agree that the defendant's choice of amending the rent schedule instead of filing an application was a reasonable course of action (cf., *Paley v Rosner,* 65 NY2d 736).

Furthermore, the defendant's advice to the plaintiff not to rent the premises to the tenant even after the Department of Consumer Affairs had ordered the plaintiff to do so was a proximate cause of the plaintiff's loss of rental income from the tenant for the use of its premises on Saturday afternoons during part of the renewal year. Had it not been for the

defendant's failure to make an application, the plaintiff would not have sustained damages in the form of a fine.

Finally, we note that the Supreme Court did not improvidently exercise its discretion in accepting Abraham Fishman as the plaintiff's expert with respect to administrative law (see, Werner v Sun Oil Co., 65 NY2d 839). Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.