■ L.I.C. COMMERCIAL CORP., Appellant, v NORMAN L. ROSENTHAL, Respondent. [609 NYS2d 301] —In an action to recover damages for legal malpractice, the plaintiff appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated September 17, 1991, as denied its motion for partial summary judgment on the issue of liability and granted the branch of the defendant's cross motion which was for summary judgment dismissing the complaint; and (2) from a judgment of the same court, dated January 9, 1992, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The Supreme Court acted properly in granting the branch of the defendant's cross motion which was for summary judgment dismissing the complaint. It is well settled that a claim of legal malpractice requires proof that the defendant "failed to exercise that degree of care, skill and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by the [plaintiff], and that but for the [defendant's] negligence, the [plaintiff] would have been successful in the underlying action" *(Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511, 513; *see, Raphael v Clune, White & Nelson,* 201 AD2d 549). The plaintiff failed to make such a showing.

The plaintiff contends that the defendant was negligent in failing to call a certain witness during the trial of an action for specific performance of a contract for the sale of real property. However, the witness was deposed in this action and his testimony was confusing and generally unfavorable to the plaintiff's position in the underlying specific performance action. Accordingly, we find that the defendant's determina-

tion not to call the witness in the underlying action was clearly a reasonable strategic decision which did not constitute malpractice *(see, Rosner v Paley,* 65 NY2d 736; *Holmberg, Galbraith, Holmberg Orkin & Bennett v Koury,* 176 AD2d 1045; *Brook Plaza Ophthalmology Assocs. v Fink, Weinberger, Fredman, Berman & Lowell,* 173 AD2d 170; *Pacesetter Communications Corp. v Solin & Breindel,* 150 AD2d 232).

In any event, it is clear that the plaintiff would not have prevailed in the underlying action even in the absence of the alleged malpractice by the defendant, inasmuch as the checks proffered by a third party at the scheduled closing resulted in "a defective tender [which] would have constituted a breach of contract on the part of [the plaintiff]" *(L.I.C. Commercial Corp. v Zirinsky,* 142 AD2d 713, 715). Indeed, this tender of checks in improper form demonstrated that the plaintiff was not ready, willing and able "to make payment of the moneys due under the contract in the form called for in paragraph 3 thereof" *(L.I.C. Commercial Corp. v Zirinsky, supra,* at 716). Accordingly, the plaintiff would not have been able to establish prima facie an entitlement to specific performance in the underlying action since the manner in which payment was tendered violated the express terms of the contract *(see, Huntington Min. Holdings v Cottontail Plaza,* 60 NY2d 997). Under these circumstances, the plaintiff's legal malpractice action is without merit.

We have considered the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Miller, Joy and Friedmann, JJ., concur.