(May 30, 1995)

■ ANDREWS BEVERAGE DISTRIBUTOR, INC., et al., Appellants, v ALLAN M. STERN, Respondent. (And a Third-Party Action.) [627 NYS2d 423] —In an action to recover damages for legal malpractice, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Kohn, J.), dated December 13, 1993, as, upon renewal, denied their motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In order to recover damages for legal malpractice, a plaintiff must not only prove that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community *(see, Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511), but the plaintiff must also establish that the attorney's negligence was a proximate cause of the loss sustained, that the plaintiff incurred damages as a direct result of the attorney's actions, and that the plaintiff would have been successful in the underlying action if the attorney had exercised due care *(see, Luniewski v Zeitlin,* 188 AD2d 642; *Parksville Mobil Modular v Fabricant,* 73 AD2d 595, 599, citing *Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 45 NY2d 730). In the case herein, the appellant failed to raise triable issues as to whether the attorney's actions were a proximate cause of the loss.

The appellants' remaining contention is without merit. Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.