■ Lavin & Kleiman, Respondent-Appellant, v J.M. Heinike Associates, Inc., Appellant-Respondent. [633 NYS2d 901] —Order unanimously affirmed without costs. Memorandum: County Court properly granted plaintiff summary judgment dismissing the counterclaim for legal malpractice. Plaintiff met its burden of establishing entitlement to judgment in its favor as a matter of law by the submission of evidentiary proof in admissible form. Defendant failed to produce evidentiary proof in admissible form "sufficient to require a trial of any issue of fact" (CPLR 3212 [b]). It is well settled that a cause of action for legal malpractice requires proof that the attorney "failed to exercise that degree of care, skill and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by [plaintiff], and that but for the [attorney's] negligence, [plaintiff] would have been successful in the underlying action" (Logalbo v Plishkin, Rubano & Baum, 163 AD2d 511, 513, lv dismissed 77 NY2d 940; see also, L.I.C. Commercial Corp. v Rosenthal, 202 AD2d 644, lv dismissed 84 NY2d 841; Grace & Co. v Tunstead, Schecter & Torre, 186 AD2d 15, 19).

There is no merit to the contention of defendant that summary judgment should have been denied pursuant to CPLR 3212 (f) because plaintiff had not complied with certain discovery demands of defendant. Defendant failed to indicate the essential facts that it believes are in the exclusive knowledge and possession of plaintiff (see, Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 164).

The court did not err in denying the cross motion of defendant to amend its counterclaim to permit James Heinike individually to assert causes of action for assault and battery and unlawful restraint against John Lavin individually. Neither individual is a party to the present action and the proposed amendment is unrelated to the facts underlying the present action for unpaid legal fees.

Lastly, the court did not improvidently exercise its discretion in denying the cross motion of plaintiff for the imposition of sanctions pursuant to CPLR 8303-a. (Appeals from Order of Erie County Court, McCarthy, J.—Summary Judgment.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.