■ GEORGE DIPLACIDI et al., Respondents-Appellants, v ALBERT WALSH et al., Appellants-Respondents. [664 NYS2d 537] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered November 17, 1995, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint insofar as directed to the causes of action for legal malpractice and breach of fiduciary duty, and denied it insofar as directed to the cause of action for breach of contract and to defendants' counterclaims to recover legal fees, unanimously modified, on the law, to dismiss the cause of action for breach of contract and to grant judgment to defendants on their counterclaims in the amount of $53,208.40, with interest from December 5, 1988, and otherwise affirmed, with costs to defendants-counterclaim plaintiffs. The Clerk is directed to enter judgment accordingly.

Assuming, arguendo, that plaintiffs established negligence and damages, the unrefuted documentary evidence demonstrates that the failure to close on the proposed sales was due solely to plaintiffs' own actions, and that there is otherwise no causal relationship between plaintiffs' loss and defendants' malpractice (*see, Plentino Realty v Gitomer*, 216 AD2d 87, *lv denied* 87 NY2d 805). The cause of action for breach of fiduciary duty was properly dismissed, based as it is upon the same allegations as the malpractice cause of action (*see, CVC Capital Corp. v Weil, Gotshal, Manges*, 192 AD2d 324, 325), and the cause of action for breach of contract should have been dismissed as redundant, based as it is upon the same allegations as the other two causes of action (*see, Winegrad v Jacobs*, 171 AD2d 525, *lv dismissed* 78 NY2d 952). Other than their nonmeritorious breach of contract claim, plaintiffs did not contest in any way defendants' counterclaims for payment of plaintiffs' outstanding legal bill, and thus we grant summary judgment on the counterclaims, in the amount of $53,208.40 with interest. Concur—Murphy, P. J., Wallach, Nardelli, Tom and Colabella, JJ.