■ JOHN PURIFICATI, Appellant, v MEYER & DIESENHOUSE et al., Defendants and Third-Party Plaintiffs-Respondents. ANTHONY TOOTS LABELLA, Third-Party Defendant. [665 NYS2d 308] —In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Goldstein, J.), entered July 23, 1996, as, upon an order of the same court dated May 17, 1996, granting the motion of the defendants third-party plaintiffs for summary judgment dismissing the complaint and all cross-claims against them, dismissed the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

For the defendants in a legal malpractice case to succeed on a motion for summary judgment, they must present evidence in admissible form establishing that the plaintiff is unable to prove one of the three essential elements of a malpractice cause of action (*see, Greene v Payne, Wood & Littlejohn,* 197 AD2d 664; *see also, Platt v Portnoy,* 220 AD2d 652; *Andrews Beverage Distrib. v Stern,* 215 AD2d 706; *L.I.C. Commercial Corp. v Rosenthal,* 202 AD2d 644). Here, the respondents made a prima facie showing that the plaintiff could not prove that but for any negligence he would have prevailed in the underlying action, and the plaintiff failed to submit any admissible evidence to the contrary. Thus, the trial court properly granted summary judgment to the defendants. O'Brien, J. P., Santucci, Joy and Altman, JJ., concur.