■ JERRY I. LEFKOWITZ, Appellant, v BRETT K. LURIE, Respondent, et al., Defendants. [678 NYS2d 345] —In an action to recover unpaid legal fees, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered July 11, 1997, which denied his motion for summary judgment dismissing the counterclaims of the defendant Brett K. Lurie.

Ordered that the order is reversed, with costs, the motion is granted, and the counterclaims of the defendant Brett K. Lurie are dismissed.

The plaintiff seeks to recover fees purportedly owed to him by the defendants for his legal representation on their behalf in a related arbitration in which a judgment was entered against them. In his answer, the defendant Brett K. Lurie (hereinafter Lurie) asserted several counterclaims alleging that the plaintiff negligently failed to timely move to stay the arbitration as to him personally, and that but for this negligence, he would not have been personally subject to arbitration or the resulting judgment. The plaintiff subsequently moved for summary judgment dismissing Lurie's counterclaims. This motion was erroneously denied by the Supreme Court.

It is well settled that a claim of legal malpractice requires proof that the attorney "failed to exercise that degree of care, skill and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by the [client], and that but for the [attorney's] negligence, the [client] would have been successful in the underlying action" (*Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511, 513; *see also, Purificati v Meyer & Diesenhouse,* 243 AD2d 697; *Lavin & Kleiman v Heinike Assocs.,* 221 AD2d 919; *L.I.C. Commercial Corp. v Rosenthal,* 202 AD2d 644). Thus, for the plaintiff to succeed on his motion for summary judgment dismissing Lu-

rie's counterclaims sounding in legal malpractice, he was required to present evidence in admissible form establishing that Lurie was unable to prove one of these three essential elements (*see, Purificati v Meyer & Diesenhouse, supra; see also, Platt v Portnoy,* 220 AD2d 652; *Andrews Beverage Distrib. v Stern,* 215 AD2d 706; *Greene v Payne, Wood & Littlejohn,* 197 AD2d 664; *L.I.C. Commercial Corp. v Rosenthal, supra*).

Here, the plaintiff established that Lurie could not prove that but for any negligence, he would have prevailed on the underlying motion to stay arbitration. In *Habitations Ltd. v BKL Realty Sales Corp.* (169 AD2d 657), a related decision of which we take judicial notice (*see, Brandes Meat Corp. v Cromer,* 146 AD2d 666), the Appellate Division, First Department, determined that Lurie was liable upon the subject agreement in his personal capacity. Lurie was, thus, personally bound by the agreement's broad arbitration clause. Accordingly, even had the plaintiff timely moved to stay arbitration, his effort would have proven unavailing. Lurie would have been judicially compelled to submit to arbitration. The plaintiff's inaction was therefore not the proximate cause of Lurie's ultimate submission to arbitration.

As Lurie had failed to rebut this showing, we grant the plaintiff's motion for summary judgment. Sullivan, J. P., Altman, Friedmann and McGinity, JJ., concur.