■ RENEE SVIGALS, Appellant, v HOPGOOD, CALIMAFDE, KALIL & JUDLOWE et al., Respondents. [683 NYS2d 436] —In an action to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Schmidt, J.), dated December 22, 1997, which, after a nonjury trial, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

To prevail in a legal malpractice action, the plaintiff must establish that the defendant failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community; that such negligence was the proximate cause of the actual damages sustained by the plaintiff; and that but for the negligence, the plaintiff would have been successful in the underlying action

(*see, Andrews Beverage Distrib. v Stern,* 215 AD2d 706; *Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511, 513).

In the instant case, the court, as trier of fact, could have reasonably concluded that the plaintiff failed to prove that the defendants were negligent in the course of representing her (*see, Corley v Miller,* 133 AD2d 732, 734-735).

The plaintiff's remaining contention is without merit. Rosenblatt, J. P., Ritter, Copertino and Thompson, JJ., concur.