■ CAMPCORE, INC., Appellant-Respondent, v GERALD J. MATHEWS et al., Respondents-Appellants and Third-Party

Plaintiffs-Appellants. D. Peter Hochberg et al., Third-Party Defendants-Respondents. [689 NYS2d 814] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied plaintiff's motion for partial summary judgment on liability in this action for legal malpractice. Plaintiff failed to establish its entitlement to judgment in its favor as a matter of law by the submission of evidentiary proof demonstrating the absence of any material issue of fact (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). The court erred, however, in denying defendants' cross motion for summary judgment dismissing the complaint. A cause of action for legal malpractice requires proof that the attorney " 'failed to exercise that degree of care, skill and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by [plaintiff], and that but for the [attorney's] negligence, [plaintiff] would have been successful in the underlying action' " (*Lavin & Kleiman v Heinike Assocs.,* 221 AD2d 919, quoting *Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511, 513, *lv dismissed* 77 NY2d 940). Defendants submitted expert proof establishing that plaintiff would have been unsuccessful in any patent infringement action, and plaintiff, in opposition to the cross motion, failed to raise a triable issue of fact. Thus, we modify the order by granting defendants' cross motion and dismissing the complaint. (Appeals from Order of Supreme Court, Onondaga County, Elliott, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Scudder and Callahan, JJ.