■■■ DANIEL L. OOT et al., Respondents, v DANIEL J. ARNO et al., Appellants. [713 NYS2d 382] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint. A cause of action for legal malpractice requires proof that the attorney "failed to exercise that degree of care, skill and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by the plaintiffs, and that but for the [attorney's] negligence, the plaintiffs would have been successful in the underlying action" (*Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511, 513, *lv dismissed* 77 NY2d 940; *see, Rice v Heilbronner,* 269 AD2d 828; *Campcore, Inc. v Mathews,* 261 AD2d 870, *lv denied* 93 NY2d 814, *rearg denied* 94 NY2d 839). In addition, "[t]he damages claimed in a legal malpractice action must be 'actual and as-

certainable' resulting from the proximate cause of the attorney's negligence" (*Zarin v Reid & Priest*, 184 AD2d 385, 387-388). "For a defendant in a legal malpractice case to succeed on a motion for summary judgment, evidence must be presented in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements" (*Ippolito v McCormack, Damiani, Lowe & Mellon*, 265 AD2d 303; *see, Ostriker v Taylor, Atkins & Ostrow*, 258 AD2d 572, *lv denied* 93 NY2d 809). We conclude that defendants submitted evidence in admissible form establishing that plaintiffs are unable to prove causation, actual damages, or that they would have been successful in the underlying action but for defendants' alleged negligence.

In support of their motion, defendants established that plaintiffs' contention that defendant Daniel J. Arno, Esq. could have uncovered errors sufficient to challenge the tax assessment had he conducted a more thorough investigation is too speculative to establish causation (*see, Marquez v Ross Dev.*, 162 AD2d 1011). Defendants also established that plaintiffs' alleged damages were "too speculative and incapable of being proven with any reasonable certainty" (*Brown v Samalin & Bock*, 168 AD2d 531, 532; *see, Zarin v Reid & Priest, supra*, at 388). Plaintiffs failed to identify any alleged error in the tax assessment and thus are unable to identify any portion of the tax assessment that was erroneous as a result of the alleged malpractice. Finally, defendants established that plaintiffs had executed an Offer of Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and of Acceptance of Overassessment form before retaining defendants. Thus, defendants met their initial burden of establishing that plaintiffs would not have been successful on their underlying challenge to the tax deficiency assessment, and plaintiffs failed to raise a triable issue of fact (*see, Rice v Heilbronner, supra*; *see also, Campcore, Inc. v Mathews, supra*; *Damstetter v Martin* [appeal No. 2], 247 AD2d 893, 894). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Hurlbutt and Kehoe, JJ.