KENNETH T. WILLIAMS, Appellant, v JAN S. KUBLICK et al., Respondents, et al., Defendant. [754 NYS2d 804] —Appeal from that part of an order of Supreme Court, Onondaga County (Paris, J.), entered March 7, 2002, that denied plaintiff's cross motion for partial summary judgment against defendants Jan S. Kublick and Davoli, McMahon and Kublick, P.C.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the cross motion is granted.

Memorandum: Supreme Court erred in denying plaintiff's cross motion for partial summary judgment against Jan S. Kublick and Davoli, McMahon and Kublick, P.C. (defendants) in this legal malpractice action. Defendants had represented plaintiff in an action that was dismissed for failure to serve a bill of particulars and in a second action that was dismissed for failure to prosecute. "[A] cause of action for legal malpractice requires proof that the attorney 'failed to exercise that degree of care, skill and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by [plaintiff], and that[,] but for the [attorney's] negligence, [plaintiff] would have been successful in the underlying action[s]' " (*Lavin & Kleiman v Heinike Assoc.*, 221 AD2d 919, 919, quoting *Logalbo v Plishkin, Rubano & Baum*, 163 AD2d 511, 513, *lv dismissed* 77 NY2d 940; *see Oot v Arno*, 275 AD2d 1023; *Rau v Borenkoff*, 262 AD2d 388, 388-389; *Campcore, Inc. v Mathews*, 261 AD2d 870, *lv denied* 93 NY2d 814, *rearg denied* 94 NY2d 839). Defendants contend that the court properly denied the cross motion because plaintiff failed to establish that he would have been successful in the underlying actions. Upon our review of the record, we conclude that plaintiff cross-moved in the alternative for partial summary judgment only with respect to the issue of defendants'

negligence (*see e.g. Shaughnessy v Baron,* 151 AD2d 561, 561-562) rather than the issue of defendants' liability for malpractice (*see e.g. Iannarone v Gramer,* 256 AD2d 443, 444-445), however, and thus plaintiff was not required at this juncture to establish that he would have been successful in the underlying actions. Plaintiff met his initial burden by establishing that defendants were negligent in failing to serve the proper pleadings in a timely manner (*see generally Shapiro v Butler,* 273 AD2d 657, 658), and defendants failed to raise a triable issue of fact. We reject defendants' further contention that more discovery was required with respect to the issue of defendants' negligence. In opposing the cross motion, defendants' counsel argued that plaintiff may have contributed to the dismissal of the prior actions. Defendants, however, made no showing that the facts necessary to support that contention are within plaintiff's exclusive knowledge and possession (*see* CPLR 3212 [f]; *Lavin & Kleiman,* 221 AD2d 919). Present—Pine, J.P., Hurlbutt, Kehoe, Burns and Hayes, JJ.