■ Marie Laventure et al., Respondents, v Michael L. Galeno, Appellant, et al., Defendant. [762 NYS2d 270] —In an action, inter alia, to recover damages for legal malpractice, the defendant Michael Galeno appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated October 29, 2002, as denied his motion to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

To prevail in a legal malpractice action, the plaintiffs must establish that the defendant failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by the plaintiffs, and that, but for the defendant's negligence, the plaintiffs would have been successful in the underlying action (*see Svigals v Hopgood, Calimafde, Kalil & Judlowe,* 256 AD2d 460 [1998]; *Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511, 513 [1990]).

The plaintiff Marie Laventure was allegedly injured when she slipped and fell on a defective step while descending a stairway in the apartment building where she resided. The plaintiffs commenced a negligence action against the owners of the building. In the instant action, the plaintiffs contend, inter alia, that the defendant Michael Galeno (hereinafter the defendant), their former attorney, committed legal malpractice by failing to properly oppose the landlord's motion for summary judgment which resulted in the action being dismissed.

The Supreme Court, inter alia, denied the defendant's mo-

tion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, based on the defendant's argument that the plaintiffs failed to demonstrate that but for the defendant's alleged negligence, they would have prevailed in the underlying action. We reverse.

The plaintiffs' complaint fails to allege material facts giving rise to a cognizable claim alleging legal malpractice, as the injured plaintiff is unable to identify the alleged defect which caused her accident. Therefore, the plaintiffs could not establish a prima facie case of negligence and would not have been successful in the "slip and fall" action against the owners of the building (*Moody v F.W. Woolworth Co.,* 288 AD2d 446 [2001]; *see Fargot v Pathmark Stores,* 264 AD2d 708 [1999]). Accordingly, as the defendant demonstrated that the plaintiffs could not have prevailed in the underlying negligence action, he was entitled to dismissal of the complaint insofar as asserted against him to recover damages for legal malpractice (*see Svigals v Hopgood, Calimafde, Kalil & Judlowe, supra*).

In light of the foregoing, we need not reach the defendant's remaining contention. Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.