*18 OPINION OF THE COURT
Memorandum.
Order unanimously modified by granting plaintiffs motion to the extent of awarding it summary judgment dismissing defendant’s counterclaim and affirmative defenses; as so modified, affirmed without costs.
Plaintiff commenced the instant breach of contract and account stated action for legal services rendered in connection with drafting an application for a patent. Defendant counterclaimed for legal malpractice. Thereafter, plaintiff moved to strike defendant’s answer, counterclaim and affirmative defenses, and for summary judgment dismissing defendant’s answer, counterclaim and affirmative defenses. Attached to plaintiffs moving papers was a copy of the transcript of defendant’s examination before trial wherein he testified, concerning the issue of damages, that, as a result of plaintiffs failure to correct the patent application which it drafted, and to timely file a patent application, he sustained damages including lost profits and monies that he would have received from investors who backed out after the long delay. In addition, defendant testified that he had to retain another law firm that drafted a patent application and ultimately filed same three years ago and that said application is still pending. In opposition to plaintiffs motion, defendant, inter alia, submitted an affidavit executed by the successor patent attorney retained by defendant who stated, among other things, that the patent application drafted on defendant’s behalf by plaintiff was too limited in its scope and that the application should have been revised so that it was more comprehensive. At defendant’s request, the successor patent attorney drafted and filed such a revised patent application.
In order to prevail on his counterclaim, defendant was required to show, in part, that plaintiff
“ ‘failed to exercise that degree of care, skill and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by the [client] . . .’ (Logalbo v Plishkin, Rubano & Baum, 163 AD2d 511, 513; see also, Purificati v Meyer & Diesenhouse, 243 AD2d 697; Lavin & Kleiman v Heinike Assoc., 221 AD2d 919; L.I.C. Commercial Corp. v Rosenthal, 202 AD2d 644)” (Lefkowitz v Lurie, 253 AD2d 855 [1998]).
Inasmuch as the damages claimed by defendant, as set forth in *19 his examination before trial, are neither actual nor ascertainable and are speculative in nature, he failed to establish a prima facie case of legal malpractice (see Brooklyn Law School v Great N. Ins. Co., 283 AD2d 383 [2001]; Giambrone v Bank of N.Y., 253 AD2d 786 [1998]), and defendant’s counterclaim must be dismissed (Lefkowitz, 253 AD2d at 856). Consequently, defendant’s second affirmative defense, which, in effect, alleged legal malpractice must also be dismissed.
The court should have also granted the branch of plaintiff’s motion which sought dismissal of defendant’s first affirmative defense which alleged that the complaint failed to state a cause of action. It is well settled that, within the Second Department, failure to state a cause of action is a defense which cannot be interposed in an answer, but rather must be raised in a motion pursuant to CPLR 3211 (a) (7) (see Staten Is.-Arlington v Wilpon, 251 AD2d 650 [1998]; Chan v Adossa, 195 Misc 2d 590 [App Term, 2d & 11th Jud Dists 2003]). However, plaintiffs contention that it was entitled to summary judgment dismissing defendant’s answer lacks merit. Inasmuch as defendant’s successor patent attorney opined that the patent application drafted by plaintiff appeared to be too limited in its scope, there is an issue of fact as to the value, if any, of plaintiffs services which precludes the granting of summary judgment (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Pesce, P.J., Aronin and Patterson, JJ., concur.