■ KATHLEEN BERGIN, Appellant, v RICHARD J. GRACE, Respondent. [833 NYS2d 729]—

Mercure, J.P. Appeal from an order of the Supreme Court (Lebous, J.), entered October 5, 2006 in Broome County, which denied plaintiff's motion for partial summary judgment.

In September 1996, plaintiff retained defendant to represent her in connection with a hazard insurance claim for damages caused to her residence and place of business in a December 1995 fire. The parties were unable to reach a settlement and defendant commenced an action on plaintiff's behalf against the

insurer, among others, in February 2000. Supreme Court (Rumsey, J.) granted the insurer's motion to dismiss on the ground that the action had not been commenced within the insurance policy's two-year statute of limitations, and this Court affirmed (*Bergin v Quincy Mut. Fire Ins. Co.*, 289 AD2d 661 [2001]). In this action, plaintiff claims that defendant's failure to timely commence the underlying action against the insurer constituted legal malpractice. She appeals from the denial of her motion for partial summary judgment on the issue of defendant's negligence, and we now reverse.

It is well settled that "[i]n order to obtain summary judgment on a legal malpractice claim, the movant must demonstrate, through the submission of evidentiary proof in admissible form, that the attorney did not exercise that degree of care, skill and diligence commonly possessed and exercised by a member of the legal profession" (*Deitz v Kelleher & Flink*, 232 AD2d 943, 944 [1996]). Defendant does not dispute that the insurance policy contained a provision limiting the time to commence suit to one year and that the provision was properly construed to conform to the two-year statutory minimum period (*see* Insurance Law § 3103 [a]; § 3404 [e]). Rather, he asserts that he believed that the six-year limitations period for contractual claims applied (*see* CPLR 213), was not aware of the potential for a contractual statute of limitations being incorporated within the policy itself and learned of the two-year contractual limitations period only upon service of the insurer's answer. In our view, however, inasmuch as the insurance policy indisputably set forth a shortened statute of limitations and defendant admittedly failed to commence an action within the applicable time frame provided by statute, his conduct "fell below the ordinary and reasonable skill and knowledge commonly possessed in the legal profession," and constituted negligence as a matter of law (*A.H. Harris & Sons v Burke, Cavalier, Lindy & Engel*, 202 AD2d 929, 930 [1994]; *see Deitz v Kelleher & Flink, supra* at 945; *see also Logalbo v Plishkin, Rubano & Baum*, 163 AD2d 511, 514 [1990], *lv dismissed* 77 NY2d 940 [1991]; *Shaughnessy v Baron*, 151 AD2d 561, 562 [1989]; *see generally Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae*, 243 AD2d 168, 175 [1998], *lv dismissed* 92 NY2d 962 [1998]). Accordingly, we reject defendant's argument that there is a question of fact under these circumstances and conclude that plaintiff is entitled to summary judgment on the issue of whether defendant was negligent in failing to properly commence her action against the insurer (*see Williams v Kublick*, 302 AD2d 961, 961-962 [2003]; *Stanski v Ezersky*, 210 AD2d 186, 186 [1994]).

Spain, Carpinello and Lahtinen, JJ., concur; Rose, J., not tak-

ing part. Ordered that the order is reversed, on the law, with costs, and motion granted.