■ CHARMAYNE A. HUGGINS et al., Respondents, v MARC RICCA et al., Appellants, and "JOHN DOE DRIVER" et al., Respondents. [853 NYS2d 153]—

In an action to recover damages for personal injuries, the defendants Marc Ricca and Robert A. Ricca appeal from an or-

der of the Supreme Court, Kings County (Balter, J.), dated March 12, 2007, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, with leave to renew upon completion of discovery.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the motion of the defendants Marc Ricca and Robert A. Ricca for summary judgment, with leave to renew upon the completion of discovery, but we affirm for reasons other than those relied upon by the Supreme Court. The Supreme Court denied the motion, finding that facts essential to justify opposition to a motion for summary judgment were exclusively within the knowledge and control of the movants (see CPLR 3212 [f]; *Juseinoski v New York Hosp. Med. Ctr. of Queens,* 29 AD3d 636, 637 [2006]). However, in this case, the plaintiffs, who were present at the subject accident, failed to submit affidavits based on their own direct observations, which was not evidence within the exclusive knowledge and control of the movants (see *Lavin & Kleiman v Heinike Assoc.,* 221 AD2d 919 [1995]).

Summary judgment should have been denied, as the movants' motion papers failed to establish prima facie entitlement to summary judgment (see *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The defendant Marc Ricca alleged in his affidavit in support of the motion for summary judgment that the vehicle owned by the defendant Sean Owen struck Ricca's vehicle and then struck the plaintiffs' vehicle. The plaintiffs' complaint, which was verified by the plaintiff Charmayne A. Huggins and was annexed to the moving papers, alleged a different sequence of events, namely that Ricca's vehicle hit Owen's vehicle, causing it to collide with the plaintiffs' vehicle. In this instance, Ricca's affidavit, juxtaposed against the verified complaint, prevents the movants from establishing their prima facie entitlement to summary judgment at this juncture. Florio, J.P., Dillon, Carni and Balkin, JJ., concur.