■ KWANGJIN SONG, Appellant, v WOODS OVIATT GILMAN LLP et al., Respondents. [865 NYS2d 447]—Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered July 5, 2007 in a legal malpractice action. The order, inter alia, granted that part of the motion of defendants for summary judgment on their counterclaim for unpaid legal fees and awarded defendants money damages on that counterclaim.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this legal malpractice action seeking damages allegedly arising from defendants' representation of him in an action that settled after plaintiff had hired new counsel. Defendants thereafter moved, inter alia, to dismiss the complaint for failure to state a cause of action and for summary judgment on the first counterclaim, for unpaid legal fees, and plaintiff cross-moved for, inter alia, a portion of the attorneys' fees expended by him in the underlying action. Supreme Court granted those parts of defendants' motion to dismiss the complaint and for summary judgment on the first counterclaim, and the court denied plaintiff's cross motion. We affirm, although our reasoning differs from that of the court with respect to the underlying basis for the dismissal of the complaint. We conclude that defendants were entitled to summary judgment dismissing the complaint pursuant to CPLR 3212 rather than dismissal of the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7). Defendants met their burden by establishing as a matter of law that they, inter alia, were not negligent and that plaintiff sustained no damages, two essential elements of a legal malpractice cause of action (*see Oot v Arno,* 275 AD2d 1023 [2000]), and plaintiff failed to raise a triable issue of fact (*see Ginther v Heim,* 55 AD3d 1378 [2008]; *Oot,* 275 AD2d at 1024). With respect to the first counterclaim, defendants submitted evidence establishing the reasonable value of their services (*see generally Phillips Nizer Benjamin Krim & Ballon v Chu,* 240 AD2d 231 [1997]), and plaintiff failed to raise a triable issue of fact with respect to defendants' entitlement to the fees sought (*see generally DiPlacidi v Walsh,* 243 AD2d 335 [1997]; *Pirro & Monsell v Freddolino,* 204 AD2d 613 [1994], *lv dismissed* 85 NY2d 903 [1995]). Present—Scudder, P.J., Hurlbutt, Martoche, Green and Gorski, JJ.