*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   March 5, 2015                    519243
_____

ROGER A. HINSDALE,
                        Appellant,
        v                                    MEMORANDUM AND ORDER

MARK A. WEIERMILLER et al.,
                        Respondents.
_____


Calendar Date:   January 7, 2015

Before:   Lahtinen, J.P., Garry, Rose and Devine, JJ.


                        _____


        Edward E. Kopko, PC, Ithaca (Edward E. Kopko of counsel),
for appellant.

        Williamson, Clune & Stevens, Ithaca (John H. Hanrahan III
of counsel), for respondents.


                        _____


Lahtinen, J.P.

        Appeal from an order of the Supreme Court (Mulvey, J.),
entered July 3, 2013 in Chemung County, which denied plaintiff's
motion for summary judgment.

        Defendant Mark A. Weiermiller (hereinafter defendant)
represented plaintiff in a real estate transaction involving
property where the deed had apparently been lost and never
recorded by plaintiff's father when he originally acquired the
property.  Because of the title defect, the terms of the April
2007 purchase and sale agreement included a provision that the
price of $325,000 would be reduced by $100,000 to $225,000 if
plaintiff could not obtain a judgment quieting title within one
year, i.e., by April 10, 2008, with time being of the essence.
According to defendant, he encountered several significant and

unanticipated difficulties in securing the judgment, which was not obtained until May 6, 2008. The buyer nonetheless agreed to pay part of the $100,000 reduction amount authorized by the agreement, resulting in plaintiff allegedly receiving $74,963 less than if a judgment had been obtained within one year. Plaintiff commenced this legal malpractice action against defendant and his law firm for the $74,963 loss he had sustained. Supreme Court denied plaintiff's motion for summary judgment. Plaintiff appeals.

We affirm. "In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007], quoting McCoy v Feinman, 99 NY2d 295, 301 [2002]). Here, defendant stated in his affidavit that, when plaintiff asked him before signing the agreement whether he "could be 90% sure" that title could be quieted within one year, he responded that he "could not give [plaintiff] any percentage of certainty but that in [his] judgment [he] thought [he] would be able to get it done in that time." However, he thereafter allegedly encountered many unexpected difficulties in attempting to gather information necessary for the action. He explained that the person who had transferred the property to plaintiff's father had died many years earlier, leaving numerous heirs scattered throughout the country. He eventually had to hire a private investigator to assist in locating heirs and, once located, some were uncooperative. Defendant's time records substantiated work in every month, sometimes many hours, as he attempted to gather necessary information and meet the deadline. Since he submitted proof of ongoing efforts that were met with considerable problems, this case is different from the situation where, for example, an attorney simply fails to act in a timely fashion believing a longer statute of limitations controls (see e.g. Bergin v Grace, 39 AD3d 1017, 1018 [2007]). Viewing the evidence in a light most favorable to defendant (see M & R Ginsburg, LLC v Segal, Goldman, Mazzotta & Siegel, P.C., 90 AD3d 1208, 1210-1211 [2011]) and accepting for purposes of this motion his proof

regarding the caution he gave at the outset, his efforts and the unanticipated difficulties, the issue of whether he exercised reasonable skill in light of all the circumstances cannot be determined as a matter of law.

Garry, Rose and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court