David A. Kaminsky & Associates, PC, Plaintiff-Respondent, -against
against
Steven Brenner, Plaintiff-Appellant, David A. Kaminsky, Third-Party Defendant-Respondent.



Defendant/third-party plaintiff, Steven Brenner, as limited by his brief, appeals from (1) that portion of an order of the Civil Court of the City of New York, New York County (Anthony Cannataro, J.), entered May 9, 2018, which granted plaintiff's motion for summary judgment on the complaint and set the matter down for a hearing on the amount of attorneys' fees due plaintiff, and (2) an order of the same court (Debra Rose Samuels, J.), entered June 12, 2018, which granted third-party defendant's motion to reargue a prior order dated January 10, 2018, and upon reargument, dismissed the third-party complaint.




Per Curiam.
Order (Anthony Cannataro, J.), entered May 9, 2018, and order (Debra Rose Samuels, J.), entered June 12, 2018, affirmed, with one bill of $10 costs.
We sustain the grant of plaintiff's motion for summary judgment in this action for unpaid legal fees. Plaintiff submitted evidence establishing the reasonable value of its services (see Kwangjin Song v Woods Oviatt Gilman LLP, 55 AD3d 1278 [2008]) and defendant failed to raise a triable issue of fact with respect to plaintiff's entitlement to the fees sought (see DiPlacidi v Walsh, 243 AD2d 335 [1997]; Pirro & Monsell v Freddolino, 204 AD2d 613 [1994], lv dismissed 85 NY2d 903 [1995]). Nor is summary judgment precluded by defendant's legal malpractice counterclaim, since the record shows that plaintiff performed a great deal of work that was unrelated to the isolated malpractice claim found viable by the court (see Emery Celli Brinckerhoff & Abady, LLP v Rose, 111 AD3d 453 [2013], lv denied 23 NY3d 904 [2014]; Morrison Cohen Singer & Weinstein v Ackerman, 280 AD2d 355, 356 [2001]).
We also agree with the motion court, upon reargument, that third-party plaintiff's summons did not comply with the requirements of CCA 401(b) and Civil Court rule (22 NYCRR) § 208.6(a),(b) and was jurisdictionally defective, and could not be amended (see generally Roth v State Univ. of NY, 61 AD3d 476 [2009], lv denied 13 NY3d 711 [2009]; Wells v [*2]Mount Sinai Hosp. & Med. Ctr., 196 AD2d 749 [1993]). In the absence of jurisdiction, it is unnecessary to reach any other issue with respect to the third-party claim. 
Defendant/third-party plaintiff's remaining arguments, to the extent preserved for appellate review, are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: June 24, 2019