Transus LLC v Beach View Apt. Corp. (2021 NY Slip Op 50615(U))

[*1]

Transus LLC v Beach View Apt. Corp.

2021 NY Slip Op 50615(U) [72 Misc 3d 129(A)]

Decided on July 1, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 1, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570139/20

Transus LLC and Dragonsurfside Realty,
LLC, Plaintiffs-Appellants, 
against
Beach View Apartment Corp. and Robert L. Gordon,
Defendants-Respondents.

Plaintiffs, as limited by their brief, appeal from so much of a judgment of the Civil Court of
the City of New York, New York County (Louis L. Nock, J.), entered December 27, 2019, after a
nonjury trial, in favor of defendants dismissing the complaint.

Per Curiam.
Judgment (Louis L. Nock, J.), entered December 27, 2019, modified by reversing so much
thereof as dismissed plaintiff Transus LLC's second cause of action and directing the Clerk to
enter judgment in favor of said plaintiff on the second cause of action in the principal sum of
$50; as modified, judgment affirmed, without costs.
A judgment rendered after a bench trial should not be disturbed unless it is obvious that the
court's conclusions cannot be supported by any fair interpretation of the evidence, particularly
where the credibility of witnesses is central to the case (see Nightingale Rest. Corp. v Shak
Food Corp., 155 AD2d 297 [1989], lv denied 76 NY2d 702 [1990]). Except as
indicated, the trial court's dismissal of the claims of plaintiffs, the corporate owners of several
cooperative apartments in the building located at 129 Beach 118th Street, Far Rockaway, against
the cooperative, defendant Beach View Apartment Corp., and its attorney, defendant Robert L.
Gordon, is supported by a fair interpretation of the evidence (see Claridge Gardens v
Menotti, 160 AD2d 544 [1990]).
Plaintiffs' first cause of action alleges that the cooperative defendant failed to apply a
maintenance credit on the account of one of plaintiffs' units (1A) to the account of other units
which were in arrears, thereby resulting in the imposition of late fees. The trial court's dismissal
of this cause of action is supported by a fair interpretation of the evidence, which showed that the
maintenance credit for unit 1A totaled only $1,740.55, while the maintenance arrears for the
other units exceeded $6,000. Therefore, even if the unit 1A credit was applied to the other units,
plaintiffs would not have avoided late fees. Nor did plaintiffs establish the amount the late fees
would have been reduced if the 1A credit was applied to the other units.
Plaintiffs' third cause of action seeking a rent abatement was properly dismissed. To the
extent that plaintiffs rely upon the statutory warranty of habitability (see Real Property
Law § 235-b), the claim is unavailing. The corporate plaintiffs, who initially purchased
approximately 12 units in the building as "unsold shares," cannot avail themselves of the
protection of the warranty because they never resided in any of the units (see Halkedis v Two
E. End Ave. Apt. Corp., 161 AD2d 281 [1990], lv denied 76 NY2d 711 [1990];
see also Frisch v Bellmarc Mgt., 190 AD2d 383, 390 [1993]).
Nor are plaintiffs entitled to an abatement pursuant to the underlying proprietary lease.
Paragraph 8 of the lease provides for an abatement of rent where damage resulting from "fire or
other cause shall be so extensive as to render the unit partly or wholly untenantable." Paragraph
38 provides that the lessor shall not be liable "except by reason of lessor's negligence, for any
failure or insufficiency of heat, water supply, electric current, gas, telephone or elevator service
or other service to be supplied by lessor" and that no abatement of rent shall be allowed for
failure to make repairs or for interruption of services "unless due to lessor's negligence."
The trial court properly harmonized the conflicting lease provisions "so as not to leave any
provision without force and effect" (Isaacs v Westchester Wood Works, 278 AD2d 184,
185 [2000]) in finding that plaintiffs were not entitled to an abatement for the months of
November and December 2012, that is, the period right after Hurricane Sandy caused flooding in
the building and disruptions in electricity, elevator and hot water service. As the Court noted,
"the very language of Paragraph 8, referring to a unit in the singular tense, is itself an indication
that the provision was not intended to apply to a building-wide shutdown on account of a natural
disaster, such as Hurricane Sandy." Nor was the cooperative Board's determination to collect
maintenance during this period a change in the proprietary lease, which requires the "approval of
at least 66-2/3% of the lessees" (Paragraph 12).
Plaintiffs' fourth cause of action alleges that defendant Gordon, on behalf of the cooperative,
overcharged them for legal work performed in connection with their units. The trial court's
dismissal of this cause of action, based upon its finding that the fees charged by Gordon were
reasonable, is supported by the evidence and is not disturbed (see Kwangjin Song v Woods
Oviatt Gilman LLP, 55 AD3d 1278 [2008]). This evidence includes the credited testimony of
Gordon, the experienced attorney who performed the relevant services - including overseeing two
closings, ordering lien searches, sending notices to cure and notices of default - and plaintiffs
failed to present credible evidence showing that the time spent by Gordon was duplicative or that
his fees were unreasonable.
We modify only to the extent of awarding plaintiff Transus the sum of $50 on its second
cause of action for a wrongfully assessed sublet fee. Although $150 in sublet fees were refunded
after this action was commenced, the trial testimony of the cooperative's agent established that
the cooperative improperly assessed a $50 sublet fee for unit 1A that was not subsequently
credited. 
Plaintiffs' request for attorneys' fees is properly denied. Considering the true scope of the
dispute litigated, followed by a comparison of what was achieved within that scope (see
Solow v Wellner, 205 AD2d 339, 340 [1994], aff'd 86 NY2d 582 [1995]), including
plaintiffs' five causes of action seeking damages for more than $25,000, that resulted in just a $50
judgment for a [*2]sublet fee (as well as a refund of $150 after
the action was commenced), we find that plaintiffs cannot be accorded prevailing party
status.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 1, 2021